# Staunton.

## COOPER v. COMMONWEALTH, No. 76.

### September 21, 1922.

1. INTOXICATING LIQUORS—*Indictment and Information—Allegation or Recital of Former Conviction—Appeal and Error—Exceptions and Objections.*—An indictment for a second offense in transporting and selling ardent spirits contained no direct allegation of the conviction of the first offense, but only a recital thereof. Although the former conviction should have been alleged directly, and not by way of recital, yet where no objection was made to the indictment, by demurrer or otherwise, at any stage of the trial, nor in the petition for the writ of error, the appellate court will not pass on the sufficiency of the indictment to sustain a conviction for a second offense.

2. INDICTMENT AND INFORMATION—*Second Offense—Instruction—Necessity of Former Conviction.*—In a prosecution for a second offense in selling and transporting liquor, an instruction which permitted the jury to find the accused guilty of a felony, if the first sale was made at any time "before this indictment was found," although there had been no conviction thereof, was erroneous. The statute in terms provides that, in order to constitute the subsequent offense a felony, it must have been "committed after the first conviction."

3. INTOXICATING LIQUORS—*Indictment and Information—Conviction for Second Offense—Instructions.*—In a prosecution for a second offense under the prohibition law, the court instructed the jury that if they believed that defendant sold ardent spirits within twelve months prior to May 30, 1921, and further believed that accused had been guilty of selling ardent spirits, they should find him guilty of a felony, and fix his penalty by confinement in the penitentiary at not less than one nor more than five years, or by confinement in jail not less than six months nor more than twelve months, and by fine not exceeding $500.00. But if they believe that the Commonwealth had failed to prove a prior conviction, as above set out, and further believed defendant guilty of selling ardent spirits within twelve months prior to the finding of this indictment, they would find him guilty, and fix his punishment by confinement in the county jail at not less than thirty days nor more than six months, and a fine of not less than $50.00, nor more than $500.00.

*Held:* That the first sentence of this instruction, directing the penalty to be inflicted, standing alone, was plainly erroneous, and the residue, or qualifying part, of the instruction, did not purge it of the error. It speaks of a prior conviction, "as above set out," when no such conviction had been "above set out," and concludes with a reference to a conviction "before this indictment was made," when it should have been before the commission of the offense charged in that indictment.

4. INTOXICATING LIQUORS—*Second Offense—Necessity of Prior Conviction.*— In order to obtain a conviction of felony for a seccnd offense under the prohibition act, it is necessary for the Commonwealth to prove a conviction of a former offense under the statute, and that the second offense was committed after conviction for the former.

5. INTOXICATING LIQUORS—*Second Offense—Method of Proving Prior Offense—Case at Bar.*—In the instant case, a prosecution for a second offense under the prohibition act, the Commonwealth introduced an order of the trial court adjudging defendant guilty "on an indictment for violation of Mapp law (new case)." The judgment, however, did not show of what offense under the statute defendant had been convicted, and the prosecuting attorney undertook to supply the deficiency by proof *aliunde.* He proved that the indictment for the first offense had been lost, and then undertook to prove the contents of the lost indictment by two witnesses, neither of whom was purported to have seen, read, or heard read the indictment.

*Held:* That the contents of the indictment could not be thus proved.

6. LOST INSTRUMENTS AND RECORDS—*Lost Indictment—Sufficiency of Evidence to Prove Contents of Lost Indictment—Intoxicating Liquors—Second Offense.*—While secondary evidence is admissible to prove the contents of a lost document, or record, yet even in a civil suit strong and conclusive proof of the former existence, loss and contents of the document is required, and in a criminal case, the burden is on the Commonwealth to prove every fact essential to the conviction of the accused beyond a reasonable doubt, and the facts proved must be established by legitimate evidence.

Error to a judgment of the Circuit Court of Lee county.

*Reversed.*

The opinion states the case.

*Pennington & Pennington,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the accused, was convicted under the prohibition statute (Acts 1918, ch. 388, p. 578) of a second offense of transporting and selling ardent spirits, and sentenced to a term of three years in the penitentiary. Several of the errors assigned raise the same questions that were disposed of adversely to the accused in another case (133 Va. 654, 112 S. E. 799), and will not be further noticed.

[1] The indictment contains no direct allegation of the conviction of the first offense, but only a recital thereof. It alleges the commission of an offense under the prohibition law, and then proceeds, "the said Rich. Cooper having heretofore  *   *   *   been convicted of unlawfully manufacturing, selling  *   *   *   ardent spirits," etc.   The former conviction should have been alleged directly, and not by way of recital.   But no objection was made to the indictment by demurrer or otherwise, at any stage of the trial, nor in the petition for the writ of error, hence it is not necessary for us to pass on its sufficiency to sustain a conviction for a second offense.   Code, sec. 4879.   But see 1 Bish. Cr. Prac., sec. 77; Beale's Cr. Pl. & Pr., sec. 100; *Rand* v. *Com.*, 9 Gratt. (50 Va.) 738; cf., *Stover's Case*, 92 Va. 780, 22 S. E. 874; *Fitch's Case*, 92 Va. 824, 24 S. E. 272.

[2] Exception was taken to the action of the trial court in giving to the jury the following instruction before the introduction of the evidence:

"This is an offense charging Richard Cooper here of selling and transporting liquor. This is the second offense. This indictment is for a felony, charging that he has heretofore been charged and convicted of selling and transporting liquor and the second offense constitutes a felony. If you find that the charge of selling and trans-

porting liquor is made out, and you *further believe that a sale was made before this indictment was founded, that* would constitute a felony and under *that offense* the penalty is not less than one year nor more than five years, or not less than six months nor more than twelve months, and a fine of not less than $500.00. *And if you fail to make out a sale prior to this indictment,* but believe from the evidence that he has made this sale, you can find him guilty, and assess a fine against him of not less than $50.00 nor more than $500.00, and not less than thirty days in jail, nor more than six months."

We have italicized the objectionable parts of the instruction. Section 4 of the act under which the indictment was made, so far as need be quoted, is as follows:

"Any person who shall violate any of the provisions of section three and three-a of this act   *   *   *   shall be deemed guilty of a misdemeanor for the first offense, and of a felony for any subsequent offense committed after the first conviction; provided, that the offense of drinking, giving away, or receiving ardent spirits contrary to the provisions of this act, shall not be deemed a felony in any case;   *  *."

If the jury followed this instruction they could have found the accused guilty of a felony if the first sale was made at any time "before this indictment was founded," although there had been no conviction thereof. Such is not the provision of the statute. The statute in terms provides that, in order to constitute the subsequent offense a felony, it must have been "committed after the first conviction." The instruction was erroneous in not following this important provision of the statute.

At the conclusion of the evidence, the court gave the following instruction:

[3] "The court instructs the jury that if you believe from the evidence beyond all reasonable doubt that the

defendant sold ardent spirits within twelve months prior to May 30, 1921, and if you further believe beyond all reasonable doubt that Cooper has been guilty of selling ardent spirits, and if you believe beyond all reasonable doubt that such sale was made, you will find him guilty of the felony as charged in the indictment, and fix his penalty by confinement in the penitentiary at not less than one nor more than five years; or, in your discretion, by confinement in jail not less than six months nor more than twelve months, and by fine not exceeding five hundred dollars.    But if you believe that the Commonwealth has failed to prove a prior conviction, as above set out, and further believe the defendant guilty of selling ardent spirits within twelve months prior to the finding of this indictment for which he is now being tried, you will find him guilty, and fix his punishment by confinement in the county jail at not less than thirty days and more than six months, and a fine not less than fifty dollars nor more than five hundred.    If you believe the Commonwealth has failed to prove the defendant guilty beyond a reasonable doubt as charged in the indictment, you will find him not guilty.    The court further tells the jury that unless they believe beyond all reasonable doubt that Cooper was convicted of selling and transporting liquor before this indictment was made, upon which he is now being tried, you cannot find him in this case as being guilty of felony."

The first sentence of this instruction, directing the penalty to be inflicted, standing alone, is plainly erroneous, and the residue, or qualifying part, of the instruction, does not purge it of the error.    It speaks of a prior conviction, "as above set out," when no such conviction had been "above set out," and concludes with a reference to a conviction "before this indictment was made," when it should have been before the commission of the

offense charged in that indictment.    It is true that "before this indictment was made" is more favorable to the accused than the language suggested as proper; but the instruction also dealt with other conditions, and when read as a whole is confusing and misleading, and is very far from removing the error pointed out in the instruction first above mentioned.

[4-6] In order to obtain a conviction of felony for a second offense in the case at bar, it was necessary for the Commonwealth to prove a conviction of a former offense under the statute, and that the second offense was committed after conviction for the former.    This the Commonwealth undertook to do, but the method allowed by the trial court over the objection of the accused was the cause of an exception there, and is assigned as error here.    The Commonwealth introduced an order of the trial court adjudging Richard Cooper guilty, "on an indictment for violation of Mapp law (new case)," and sentencing him to pay a fine of $50 and to imprisonment in jail for thirty days.    The judgment, however, did not show of what offense under the statute he was convicted, and the prosecuting attorney undertook to supply the deficiency by proof *aliunde.*    He proved by the clerk of the court that the indictment for the first offense, under which the conviction was had, was lost.    He then undertook to prove the contents of the lost indictment by two witnesses neither of whom purported to have seen, read or heard read the indictment.    One of the witnesses, George P. Cridlen, testified as follows:

"Q. I will ask you to state, if you remember, upon what charge he was convicted?

"A. I don't remember the charge in the indictment, but I remember the evidence."    This is all of his testimony on the subject.    The other witness, J. S. Patterson, testified as follows:

"Q. Do you remember what he was charged with?

"A. Transporting whiskey.

"Q. Were you a witness?

"A. Yes.

"Q. Just tell the jury what evidence you gave in the trial of that case before the jury.

"A. We had information that there was whiskey in the gap of the mountain toward St. Charles.    Mr. Seagraves and I went up there to see if we could find it, and we got Cooper up there with whiskey.    We saw a car drive up, and Cooper got out and went down toward the river, and then came back to the car.    Seagraves came down one way, and I the other.    Cooper stepped up— I don't know whether he went in the car or not—I couldn't see, and he threw a bottle, and when I came down he claimed that it was empty.    The bottle was broken.    He claimed that it was empty, but there was a place about a foot to a foot and one-half around that was wet, and I could smell whiskey."

On cross-examination he testified as follows:

"Q. I believe you say you don't know what charge the indictment set out?

"A. No, I don't know.    I just remember the court's instructions."

This is all of the evidence offered to prove the contents of the lost indictment.    Objection was promptly made by the accused, and exception duly taken to the ruling of the trial court.    A motion was also made to set aside the verdict as contrary to the law and the evidence, was overruled, and exception taken.

We are of opinion that the contents of the indictment could not be thus proved.    While secondary evidence is admissible to prove the contents of a lost document, or record, the evidence offered in the case at bar does not measure up to the requirements of the law in such

cases.   Even in a civil suit to establish a lost will, it is said that "strong and conclusive proof of its former existence, its loss and its contents" is required.   *Smith* v. *Lurty*, 108 Va. 799, 800, 62 S. E. 789, and cases cited; 1 Greenl. Ev. (16th ed. by Wigmore) 161.   In a criminal case, the burden is on the Commonwealth to prove every fact essential to the conviction of the accused beyond a reasonable doubt.   Not only so, but the facts proved must be established by legitimate evidence.   In *Bradshaw's Case*, 16 Gratt. (57 Va.) 507, 518, 86 Am. Dec. 722, this court refused to sanction the trial of an accused on a copy of the indictment, remarking that "Whenever on a trial, the original indictment is substituted by parol proof of its contents, the accused is necessarily exposed to the hazard of being tried and convicted of a charge differing, in a greater or less degree, from that preferred by the grand jury.   To expose to such a hazard an accused who is nowise responsible for the loss or destruction of the original indictment, seems to me to be hardly in accordance with the spirit that regulates the proceedings in criminal trials."

The holding that where an indictment has been lost one accused of crime cannot be tried on a copy of an indictment duly proved, such for example as a carbon copy, or an examined copy, or a copy otherwise clearly proved by legitimate evidence, is probably against the weight of authority (Beale's Cr. Pl. & Pr., sec. 56, and cases cited; 1 Bish. New Cr. Pro., sec. 1400), but the reasoning of the court is still operative, and it would not be safe to accept such evidence as was received in the case at bar to prove the contents of a lost indictment. The proof of the contents of the lost indictment was an essential part of the Commonwealth's case in order to convict of a felony, and in this it failed.   It is conceded that the Commonwealth was proceeding under section

4 of the prohibition act (Acts 1918, p. 579), and was attempting to show that the first offense was in violation of sections 3 and 3-a of the act, but the evidence was insufficient to establish the fact.

For the errors aforesaid the judgment of the circuit court must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed.*