[No. 17714.    Department One.    April 27, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v.
WILLIAM GILFILEN, *Appellant.*[1]

INDICTMENT AND INFORMATION (60)—REQUISITES — LANGUAGE OF
STATUTE. An information which charges the offense of unlawful
possession of liquor in language sufficient to enable a person of
common understanding to know its intent and purpose is sufficient
under Rem. Comp. Stat., § 2065.

INTOXICATING LIQUORS (42)—INFORMATION—PREVIOUS CONVICTIONS
—SUFFICIENCY. Under Rem. Comp. Stat., § 7339, relating to cumula-
tive convictions of the liquor law, an information which charges
the defendant of the crime of unlawful possession and also charges
two prior convictions of the defendant "of a violation of the liquor
laws of the State of Washington," charges a felony.

CRIMINAL LAW (68)—WITHDRAWAL OF PLEA—VACATION OF JUDG-
MENT—WAIVER. After a plea of guilty and sentence, a motion for
leave to withdraw the plea comes too late, under Rem. Comp. Stat.,
§ 2111.

Appeal from a judgment of the superior court for
Whatcom county, Brown, J., entered October 10, 1922,
upon a plea of guilty to the crime of unlawful posses-
sion of intoxicating liquor.    Affirmed.

*Bixby & Nightingale,* for appellant.

*Edwin Gruber* and *E. D. Kenyon,* for respondent.

MITCHELL, J.—William Gilfilen was charged, by an
information filed in the superior court of Whatcom
county on September 30, 1922, with the crime of un-
lawfully having one quart of whiskey, commonly known
as moonshine, in his possession, and, in the same in-
formation, with "having heretofore been twice con-
victed of a violation of the liquor laws of the state of
Washington, to-wit: On February 28, 1922, and on
September 22, 1922, both of said convictions being had

[1]Reported in 214 Pac. 831.

before the Honorable W. H. Heaton, justice of the peace, in and for Bellingham precinct, Whatcom county, Washington.''

Upon arraignment, to the court's inquiry he stated he did not want an attorney, entered a plea of guilty, and was sentenced to the penitentiary. Thereafter he procured counsel and filed a motion to set aside the judgment and sentence and to permit a withdrawal of his former plea of guilty. The motion was supported by affidavits setting out his version of the facts causing his arrest and tending to show no crime had been committed. Counter affidavits were filed on behalf of the prosecution, dealing mostly with defendant's clear understanding of his situation and willingness to plead guilty to all the charges contained in the information. Still later he filed a supplemental motion to vacate the judgment, claiming that it is null and void and provides for punishment in excess of that authorized by statute for the offense charged in the information. Both motions were denied, and the appeal has been taken from the judgment and from the order denying the motions.

The first assignment of error is that the appellant should not have been sentenced to the penitentiary at all, the contention being ''that the information only charges one offense, to-wit, unlawful possession of intoxicating liquor, and that the facts alleged therein. are wholly insufficient to charge the aggravated third offense.''

The applicable section of the prohibition law, § 7339, Rem. Comp. Stat. (P. C. § 3194), provides:

''    .    .    .    .    every person convicted the third time of a violation of any provision of this act shall, for such third and each subsequent conviction, be punished by imprisonment in the penitentiary for not less than one nor more than five years. Every prosecuting

attorney　.　.　.　.　having knowledge of any previous conviction or convictions of any person accused of violating this act, shall in preparing a　.　.　.　.　information　.　.　.　.　for subsequent offenses, allege such previous conviction or convictions therein　.　.　.　.　"

As we understand, the precise contention of the appellant is that the information does not charge any facts as to prior convictions except the dates and the court wherein it is claimed prior convictions were had; that it merely contains a recital that he had been twice convicted of violations of the *liquor laws,* and that since there is no statutory definition of *liquor laws,* the allegations of the information relating thereto do not speak of facts, but amount to "a mere recital of a conclusion of law drawn by the pleader."

There can be no doubt that a person of common understanding would know what was intended by the language referred to and used in the information. That is sufficient. Section 2065, Rem. Comp. Stat. (P. C. § 9281). Nor can there be any doubt that the appellant knew what was intended. The information says that it was he who was convicted on specified dates before a justice of the peace named in the information. Surely he knew of what he had been convicted; indeed, the record in the present case shows that, upon his arraignment, he not only plead guilty, but specifically admitted to the trial court that he had been convicted on the two prior occasions as alleged in the information. The information charges with sufficient clearness what is intended by the statute so as to justify a conviction the third time of a violation of the prohibition act. *State v. Dericho,* 107 Wash. 468, 182 Pac. 597; *State v. Dale,* 110 Wash. 181, 188 Pac. 473; 22 Cyc., Indictments and Informations, p. 356.

The second assignment of error relates to the denial

of the motion to set aside the judgment and allow the appellant to withdraw his plea of guilty. The argument is that the judgment is void, since the appellant was sentenced to the penitentiary, although the information, properly considered, charged only the misdemeanor of the unlawful possession of whiskey, and that therefore the statute, § 2111, Rem. Comp. Stat. (P. C. § 9164), authorizing the court to permit a plea of guilty to be withdrawn and other plea or pleas substituted at any time before judgment, does not apply. Having seen, however, that the information does charge the appellant with having committed a felony, it must be held that his application to withdraw his former plea, under the circumstances disclosed by the record here, came too late under the statute referred to. *State v. Scott*, 101 Wash. 199, 172 Pac. 234.

The only other assignment of error is that the supplemental motion to set aside the judgment and sentence was erroneously denied. The argument thereon is largely a repetition of the arguments made upon the other assignments, the contention being that the appellant plead guilty to an information charging him with a misdemeanor only, the unlawful possession of intoxicating liquor, and that the judgment and sentence to the penitentiary is absolutely void. The contention requires no further notice than that found in disposing of the other assignments of error.

Affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.