[No. 18606.  Department Two.  September 20, 1924.]

The State of Washington, *Respondent*, v.

Ed Spencer, *Appellant.*[1]

Criminal Law (460)—Habitual Criminals—Indictment and Information—Sufficiency. An information charging the accused with being an habitual criminal, under Rem. Comp. Stat., § 2286, substantially in the language of the statute, need not affirmatively allege more than the previous convictions; and Rem. Comp. Stat., § 2068, relating to the manner of pleading judgments of a court of special jurisdiction has no application.

Same (460)—Prior Convictions—Evidence—Certified Records. The prior convictions of an habitual criminal may be proved by copies of the records, duly attested by the clerk and the seal of the court.

Same (460)—Identity of Accused—Evidence—Sufficiency. The identity of an habitual criminal, charged under various aliases, is sufficiently shown by the testimony of a prison guard and by photographs taken at the penitentiary.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered December 20, 1923, upon a trial and conviction of being an habitual criminal. Affirmed.

*Crandell & Crandell*, for appellant.

*Chas H. Leavy* and *Frank Funkhouser*, for respondent.

Fullerton, J.—The appellant was convicted under the habitual criminal act. The charging part of the information on which the conviction was had reads as follows:

"That said defendant, Ed Spencer, alias Eddie Rivers, alias Ed. Rivers, alias Ed Ralston, alias George Williams, on or about the 15th day of December, 1909, in the county of Dallas, state of Texas, under the name of Eddie Rivers, was then and there duly and legally

[1]Reported in 228 Pac. 689.

convicted of the crime of burglary, the same being a felony at that time, and at all the times since, under the laws of the state of Washington.

"That on or about the 4th day of April, 1910, in the county of McLennan, state of Texas, the said defendant, Ed. Spencer, alias Eddie Rivers, alias Ed Rivers, alias Ed Ralston, alias George Williams, under the name of Ed Rivers, was then and there duly and legally convicted of the crime of burglary, the same being a felony at that time, and at all times since, under the laws of the State of Washington.

"That on or about the 11th day of April, 1910, in the county of McLennan, state of Texas, the said defendant, Ed. Spencer, alias Eddie Rivers, alias Ed Rivers, alias Ed Ralston, alias George Williams, under the name of Ed Rivers, was then and there duly and legally convicted of the crime of burglary, the same being a felony at that time, and at all times since, under the laws of the state of Washington.

"That on or about the 13th day of March, 1916, in the county of Kay, state of Oklahoma, the said defendant, Ed. Spencer, alias Eddie Rivers, alias Ed Rivers, alias Ed Ralston, alias George Williams, under the name of Ed Ralston, was then and there duly and legally convicted of the crime of burglary, the same being a felony at that time, and at all times since, under the laws of the state of Washington.

"That on the 10th day of September, 1923, in the county of Spokane, state of Washington, the said defendant, Ed Spencer, alias Eddie Rivers, alias Ed Rivers, alias Ed Ralston, alias George Williams, was then and there duly and legally convicted of the crime of burglary in the second degree, the same being a felony."

At the trial of the cause in the court below, the appellant objected to the introduction of any evidence on the part of the state on the ground that the information did not state facts sufficient to constitute a crime. The objection is urged in this court, but we cannot consider it as any longer an open one. Informations in this

form were upheld by us in the cases of *State v. Rowan,* 84 Wash. 158, 146 Pac. 374; *State v. Gustafson,* 87 Wash. 613, 152 Pac. 335; and *State v. Cote,* 94 Wash. 163, 161 Pac. 1191, and to charge the offense in this form has become the settled practice of the prosecuting attorneys throughout the state.

The appellant, however, seems to think that the court, in its prior rulings upon the question, overlooked § 2068 of the code (Rem. Comp. Stat.) [P. C. § 9284]. But an examination of the cited section will show that it has reference solely to the manner of pleading a judgment of a "court or officer of special jurisdiction," and not to the manner of pleading a judgment of a court of general jurisdiction. The court did not mention the statute in its prior holdings because it thought the statute to be without applicability, not because it escaped notice. The appellant cites and relies upon certain California cases in support of the applicability of the statute, but, as we read the cases, that court makes the very distinction we have pointed out. *Campe v. Lassen,* 67 Cal. 139, 7 Pac. 430; *Weller v. Dickinson,* 93 Cal. 108, 28 Pac. 854.

The state was permitted to prove that prior convictions of the appellant by copies of the records duly authenticated by the attestation of the clerk of the court where the convictions were made, with the seal of the courts annexed. This is objected to as insufficient, but it is the manner of making such proofs pointed out by statute (Rem. Comp. Stat. § 1254) [P .C. § 7773], and was held sufficient by us in the case of *State v. Rowan, supra.*

The identity of the appellant was shown by the testimony of a guard of the Texas penitentiary in which the appellant was confined under the judgments of conviction and by photographs taken of him when

he was received at the penitentiary. Some question is made as to the sufficiency of these proofs, but we think them amply sufficient to sustain the verdict of the jury.

The judgment is affirmed.

MITCHELL, HOLCOMB, MACKINTOSH, and PEMBERTON, JJ., concur.