[No. 19503.  Department One.  November 5, 1925.]

# The State of Washington, *Respondent*, v. Glenn McBroom, *Appellant*.[1]

Intoxicating Liquors (50)—Prosecutions—Unlawful Possession—Evidence—Sufficiency.  A conviction of unlawful possession of intoxicating liquor is sustained, notwithstanding the evidence of the accused and friendly witnesses that the liquor found in his house had been temporarily left there a few hours before by a man representing himself to be an officer, where, on all material points, there was conflicting evidence on behalf of the state.

Same (51)—Unlawful Possession—Instructions.  In a prosecution for unlawful possession of intoxicating liquor with intent to sell, in which the jury found accused guilty of possession only, prejudicial error cannot be assigned upon an instruction to the effect that it would be no defense that a third person brought the liquor to accused's premises a few hours before, and obtained his consent to leaving it there temporarily, if all the other elements of the offense were proven beyond a reasonable doubt to the satisfaction of the jury, there being a conflict in the evidence on all material points.

Same (42)—Information—Prior Convictions.  Under Rem. Comp. Stat., §§ 7338 and 7339, an information for violation of the prohibition laws should include a charge of previous convictions of offenses thereunder, and it is proper to submit to the jury a special finding as to such previous convictions.

Same (52)—Sentence and Punishment—Aggravated Offense.  Upon a conviction of unlawful possession of intoxicating liquors, under an information charging two prior convictions, a special finding by the jury that accused had twice theretofore been found guilty of "violating the liquor laws," while irregular, is sufficiently specific to authorize the increased penalty for the third conviction, where accused admitted two prior convictions for unlawful possession.

Criminal Law (444)—Appeal—Harmless Error—Disregarding Technicalities.  Rem. Comp. Stat., § 1752, requiring the supreme court to hear and determine all cases upon the merits, disregarding technicalities, and considering amendments as made, applies to the consideration of an irregular verdict in a criminal case.

[1]Reported in 240 Pac. 562.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered February 14, 1925, upon a trial and conviction of unlawful possession of liquor, after two prior convictions. Affirmed.

*A. Emerson Cross* and *R. A. Lathrop,* for appellant.
*W. J. Murphy,* and *A. E. Graham,* for respondent.

HOLCOMB, J.—Appellant was charged by information, filed October 2, 1924, with the aggravated crime of possession of intoxicating liquor for the purpose of sale, barter, or exchange, after two previous convictions.

The two previous convictions were set out in the information, in substance to the effect that appellant had been theretofore, on March 15, 1924, in Grays Harbor county, Washington, before a justice of the peace, in and for a certain precinct, then convicted of the crime of having in his possession intoxicating liquor; and that he had theretofore, on or about May 13, 1924, in the superior court of Washington for Grays Harbor county, been convicted of the crime of having in his possession intoxicating liquor.

On October 18, 1924, appellant entered his plea of not guilty, and on February 2, 1925, the case was tried apparently for the second time according to references in the record. The jury found appellant guilty of simple possession of intoxicating liquor, the included minor offense under the allegations of the information, specifically stating that appellant had not possessed the liquor for the purpose of sale, barter, or exchange, and further found that appellant had been "two times heretofore found guilty of violating the liquor laws. We recommend extreme leniency." The verdict was received and entered without any objections on the part of either the state or appellant, on February 2, 1925.

On February 3, 1925, appellant filed exceptions to instructions given by the court numbered 6, 8, 11, and 12, but filed no exceptions to the form of the verdict rendered by the jury. On the same day, appellant filed motions for judgment notwithstanding the verdict, to arrest judgment, and for a new trial, upon several statutory grounds, which were argued on February 14, 1925, and all of them by the court denied, to the denials of which appellant excepted.

Thereupon the court proceeded to enter judgment and sentence upon appellant in form that,

"Defendant having been found guilty, by a jury, of possession of intoxicating liquor, and said jury having found that the said defendant had been twice before convicted of possession of intoxicating liquor, and being asked if he had any legal cause to show why the judgment of the court should not be pronounced against him says nothing, unless as he before stated. Whereupon, . . . it is adjudged by the court that the said defendant is guilty of the crime of possession of intoxicating liquor, and that he be punished therefor by imprisonment in the state penitentiary . . . at hard labor, for the period of not less than one nor more than five years, together with the costs of this prosecution, . . ."

He was then committed.

Appealing, appellant relies for reversal as errors, upon the giving by the trial court of instruction No. 11; the judgment by the trial court that appellant had been twice before convicted of the possession of intoxicating liquor; the sentencing of appellant to the penitentiary; the giving of instruction numbered 8; and the denial of the motion for a new trial.

The defense of appellant, as outlined by counsel in his opening statement to the jury, and supported by evidence, was that, one McBride, whom appellant asserted was a friend of his of many years standing, and

with whom he had had many transactions, came to his place the evening in question, and after treating himself and two friends from a bottle of so-called bonded whiskey, left the remainder of the whiskey on his premises, and also left two gallon jugs or bottles of moonshine whiskey at his place. It was stated by counsel, and testified to in substance by appellant, and two friends who were with him on the evening in question, that McBride had represented himself to be an officer, and that he had some real liquor of which the bottle of whiskey which he first brought was a part, which he had had since before prohibition; that he had some deliveries to make of liquor, and that he called two persons up from appellant's house, asked them about the deliveries, and then requested permission to leave two gallon jugs of liquor at the place of appellant until he could return and make the deliveries; that he went out and brought in the two gallons in glass jars. Appellant stated that the liquor had been left in his place about one and one-half hours when he heard persons approaching the house. Some of them came to his door. Upon looking out, he saw one man running away from his place, and the prosecuting attorney and sheriff and two others were about his place, and entered and found the liquor which McBride had left there.

The evidence of the state on this point conflicts with that in behalf of appellant. It shows that only one gallon bottle or jar of liquor was found, but the contents of the other gallon bottle or jug had been poured into a hole in the floor. On all the material points as to the defense of appellant, there was a positive conflict in the evidence. There was ample evidence on behalf of the prosecution to justify the conviction of appellant of the simple possession of intoxicating liquor at the time and place alleged.

Instruction No. 11, complained of by appellant, is as follows:

"You are instructed that, if you find from the evidence that one Jack McBride brought a quantity of liquor, being the liquor in question, to the house and premises of the defendant on the evening of the raid and arrest, being the first day of October, 1924, the said action of the said McBride in bringing the liquor to the place would be no defense to this prosecution if you find from the evidence that the defendant consented for the said McBride to leave the same with the defendant on his premises. In other words, if you find it to be a fact under the evidence in this case that McBride brought the liquor to the defendant's premises, yet if the defendant knowingly consented to the same being left on said premises by said McBride, it would not, in itself, excuse the defendant against the charge of possession of intoxicating liquor, if you find all the other elements of the offense charged are proven to your satisfaction beyond a reasonable doubt."

It is contended by appellant that this instruction eliminates from the case the innocence of appellant's intent in having the liquor that was found on his premises, since it was, in appellant's words, "a plant" instigated as a ruse by McBride or someone behind McBride to inculpate appellant in the unlawful possession of the liquor.

The trouble is, appellant is confronted by the statute which makes the possession of a quantity of intoxicating liquor unlawful, and such possession presumptive evidence of an intent to unlawfully dispose of the same. Appellant's defense, as heretofore outlined, must have been accepted by the jury as overcoming the presumption of unlawful intent to sell or dispose of the same, but establishing mere unlawful possession. As to that, there was a conflict of the evidence, the state's evidence showing that there was no such "plant" as appellant asserted, and no ruse or artifice to get the intoxicating

liquor into the possession of appellant so that he could be caught with it. It may be said, also, that there was no evidence of any kind that appellant had possession of the liquor found by the officers for the purpose of unlawful sale or disposition. We therefore cannot consider instruction No. 11 erroneous, and prejudicial.

. Instruction No. 8 (which the abstract of appellant filed herein does not show was excepted to, but which the statement of facts does) charged as follows:

"You are further instructed that, in addition to the charge made against the defendant by the information of possession of intoxicating liquor for the purpose of sale and the included offense of simple possession, the state has charged the defendant in the information with previous convictions; and in the event that you should find beyond a reasonable doubt the defendant to be guilty under the charge in the information of possession of intoxicating liquor with intent to sell, or the included offense of simple possession on October 1, 1924, if you should find him guilty of either of these offenses, you should state by a special finding in your verdict that the defendant has been previously convicted of violation of the prohibitory law, and if you do so find, you should state how many times."

The argument of appellant upon this claim of error is exceedingly involved and perplexing. To our minds, the instruction simply informs the jury that there is a principal offense as charged in the information of possession of intoxicating liquor for the purpose of sale, and the included offense of simple possession; that, in addition thereto, the state charged appellant in the information with previous convictions; that, in the event the jury should find beyond a reasonable doubt that defendant was guilty of the charge alleged in the information, either of possession of intoxicating liquor with intent to sell, or the included offense of simple possession, then they should proceed further

and find by a special finding whether, from the evidence, beyond a reasonable doubt, that defendant had been previously convicted of the violation of the prohibition laws, and if so, how many times.

We have repeatedly held that it is proper to include in the information, under §§ 7338 and 7339, Rem. Comp. Stat., a previous conviction or convictions of such offense under the prohibition laws. *State v. Dericho,* 107 Wash. 468, 182 Pac. 597; *State v. Dale,* 110 Wash. 181, 188 Pac. 473; and *State v. Gilfilen,* 124 Wash. 434, 214 Pac. 831.

We also held in the case of *State v. Dale, supra,* that it was not necessary in such a prosecution to present to the jury special findings of prior convictions in order to convict one of the aggravated offense charged in the information, since there was no statute respecting such cases requiring such special finding. The court did, however, by its instructions, submit such special finding, and we held in the same case that it would not be improper. We held in *State v. Dericho, supra,* that submitting such special finding to the jury was proper. We can see no error in the instruction complained of on any account.

The claim that the court erred in adjudging appellant twice before convicted of possession of intoxicating liquor, and in which connection is also argued that the court erred in sentencing appellant to the penitentiary, is most earnestly and vigorously discussed. The verdict of the jury being that appellant was guilty of unlawful possession, and the special finding being that he had been two times theretofore found guilty of violating the liquor laws, appellant asks, which liquor laws?

It is asserted that appellant was charged under §§ 7338 and 7339, Rem. Comp. Stat., which apply increased penalties for second and third convictions for

violating any of the provisions of this act; and that this act amends chapter 2 of the Laws of 1915, p. 16, amended by the Laws of 1917, p. 61. It is then asserted that there are more than twenty offenses in the criminal code which are violations of the liquor law, not one of which is a crime carrying the increased penalty such as is invoked here.

Appellant relies upon *State v. Snider*, 32 Wash. 299, 73 Pac. 355, and cases similar to it from other jurisdictions, where verdicts were rendered by juries for lesser offenses than the offense charged in the information upon which the accused was tried. For example, in the *Snider* case, the defendant was accused of having in a rude, insolent and angry manner, unlawfully and with premeditated malice killed and murdered another, coupled with present ability so to do, by assaulting, striking, shooting and wounding him with a deadly weapon, to wit: a revolver loaded with powder and ball, with intent to kill and murder him. The jury returned a verdict against the accused of guilty of the crime of assault with a deadly weapon, which verdict was received and filed and the jury discharged. This court held that the verdict of guilty of a mere assault with a deadly weapon did not warrant the sentence for an assault with intent to inflict bodily injury, but only for simple assault, as the intent is an essential element of the offense, and must be found as a fact by the jury. It was also held that, while the verdict in such a case is to be liberally construed, the intention of the jury to find an intent to inflict bodily injury cannot be inferred from the fact that the information charged, and the instructions defined that offense.

That case is not authority here. Here intent is not an essential element of the aggravated offense. While the special verdict of the jury was not regular, it is

not requisite that it be more so upon the record in this case.

We held in *State v. Gilfilen, supra,* that the information for the aggravated offense under the prohibition laws, which must allege one or more previous convictions of the liquor laws, was sufficient as against a motion to set aside and arrest judgment, where it merely alleged, as a primary offense, the crime of possession of intoxicating liquor (without intent to sell), and of having theretofore been twice convicted of the violation of the liquor laws of the state of Washington, giving the dates "on which such convictions were had." If such an information charging the aggravated offense under the prohibition statutes is sufficient, certainly this verdict ought to be sufficient.

· Counsel for appellant declared, in the opening statement to the jury that, so far as the two prior convictions charged in the information were concerned, appellant admitted them, and further declared that appellant would show in both of them that he had pleaded guilty and taken the punishment of the law. Appellant himself on the witness stand admitted that he was the one who had been convicted, and that he was convicted upon his own pleas of guilty of the misdemeanors shown. He also elsewhere contended that he had reformed and abandoned the liquor business in every way, but that he had been a victim of a ruse perpetrated against him by McBride.

While the form of the special verdict was irregular, and somewhat defective, there is no doubt that the special finding referred to the previous convictions specified in the information, and admitted by appellant himself, under which circumstances it is not necessary to be more specific. In such a case, although this is a criminal and not a civil case, we think the provisions of § 1752, Rem. Comp. Stat., that,

"The Supreme Court shall hear and determine all cases removed thereto in the manner hereinbefore provided upon the merits thereof disregarding all technicalities, and shall, upon a hearing, consider all the amendments which could have been made as made," is peculiarly applicable here.

We find no errors justifying a reversal, and the judgment is therefore affirmed.

TOLMAN, C. J., ASKREN, MACKINTOSH, and FULLERTON, JJ., concur.