[No. 19329. *En Banc.* June 16, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. W. J. TUBBS, *Appellant*.[1]

[1] INTOXICATING LIQUORS (6)—PROHIBITION—RIGHTS UNDER VOL-STEAD ACT. Prosecution for violation of the state liquor laws is not unconstitutional because, under the Volstead Act, one is permitted to have in his possession intoxicating liquor.

[2] CRIMINAL LAW (444)—APPEAL—HARMLESS ERROR—DISREGARD-ING TECHNICALITIES. A conviction of unlawful possession of intoxicating liquors is sustained by a verdict finding the accused guilty of having liquor in possession, followed by a special finding reciting that defendant had been found guilty of having intoxicating liquor in possession.

[3] INTOXICATING LIQUORS (52)—CRIMINAL LAW (460)—PUNISH-MENT FOR SUBSEQUENT OFFENSES. In a prosecution for violation of the liquor laws, two previous convictions are sufficiently shown by a certified copy of the judgment in the second convic-tion, which recites the first conviction and imposed the severe penalty for a second conviction which could not have been inflicted without proof of the prior conviction.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered upon a trial and conviction of unlawful possession of liquor, after two prior convictions. Affirmed.

*Corkery & Corkery,* for appellant.

*Roy C. Fox* and *Joseph H. Johnston,* for respondent.

ASKREN, J.—This is an appeal from conviction and sentence on a charge of unlawful possession of intoxi-cating liquor, and a further charge that appellant had twice before been convicted of violation of the pro-hibition law.

[1] Appellant first urges that the law under which he was charged and convicted is unconstitutional, be-cause, under the Volstead act, one is permitted to have

[1]Reported in 246 Pac. 932.

in his possession intoxicating liquor. We have previously held against this contention in *State v. Jewett,* 120 Wash. 36, 207 Pac. 3.

[2] It is next contended that the verdict of the jury was insufficient. It was:

"We the jury in the cause of State of Washington, plaintiff, vs. W. J. Tubbs, defendant, find the defendant guilty of having liquor in his possession."

It is said, that the jury's verdict indicated that they might have found the defendant had liquor in his possession, but that it was not intoxicating. Aside from the fact, that to so hold would be to find that the jury did a futile and foolish thing, we think that the jury, by their special verdict, conclusively showed their finding, for a portion of the special verdict is as follows:

"We the jury in the case of State of Washington, plaintiff, vs. W. J. Tubbs, defendant, having found the defendant guilty of the crime of having intoxicating liquor in his possession on or about the 9th day of August, 1923, in Lincoln County, Washington, so specially find as directed by the court as follows:"

*State v. McBroom,* 136 Wash. 453, 240 Pac. 562.

[3] The last question raised by the assignments of error is as to the sufficiency of the evidence to sustain the charge of a previous conviction of May, 1916. The information charged a conviction of May, 1916, and one of August, 1923. To prove the first conviction, there were offered a number of exhibits, which appellant objected to, on the ground that they did not establish that a written judgment of the court had been entered. A very interesting argument has been presented upon the question of whether or not, under § 7339, Rem. Comp. Stat. [P. C. § 3194], the only evidence of conviction is the final written judgment of the court, and as to whether it may be proved in any manner, except by a certified copy thereof. Appellant

contends that only a certified copy of a written final judgment of the court will satisfy the statute. Assuming, without deciding, that this is the character and kind of proof demanded, we think that the record admitted in the case meets the requirement.

One of the exhibits, offered in evidence to show a prior conviction of appellant, was the judgment of the trial court entered on May 29, 1923. At that time, the appellant was charged with the crime of manufacturing liquor, and it was also. charged that he had been previously convicted of the same offense in May, 1916. After trial and verdict, the court entered its judgment. That judgment, after reciting that the jury had found appellant guilty of manufacturing intoxicating liquor, and that he had also been convicted of violating the liquor laws in May, 1916, provided:

"It is ORDERED, ADJUDGED AND DECREED by said court that the said W. J. Tubbs, is guilty of the crime of manufacturing intoxicating liquor for the purpose of sale, barter or exchange thereof, and that the said defendant, W. J. Tubbs, was heretofore, on the 6th day of May, 1916, in the superior court of the State of Washington, convicted of having manufactured intoxicating liquor in violation of law, and that he be punished therefor by a fine in the sum of $1000.00, and by confinement in the county jail at Davenport, Lincoln County, Washington, for the period of six months and the defendant is hereby remanded to the custody of the sheriff of Lincoln County to serve out said sentence."

It will be noticed that the punishment inflicted upon appellant in that case was six months in the county jail, and a fine of one thousand dollars. Under the statute, this severe punishment could not be inflicted for a first offense. That judgment has never been set aside. It is a final judgment of the superior court, establishing the fact that the appellant had twice been convicted of violation of the liquor laws, prior to the

third offense upon which he was brought to trial under the information in this case.

It will thus be observed that we have a certified copy of the judgment of the superior court establishing both of the prior convictions.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, MITCHELL, PARKER, FULLERTON, and MACKINTOSH, JJ., concur.