[No. 20585.   Department Two.   August 11, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSIE
BURNETT, *Appellant*.[1]

[1] INTOXICATING LIQUORS (30, 50)—ILLEGAL POSSESSION—EVIDENCE
—SUFFICIENCY. In a prosecution for the unlawful possession of
intoxicating liquor, found in defendant's house which was in
her sole possession and control, the presumption that the liquor
was in her possession is not, as a matter of law, overcome by
the fact that a co-defendant, visiting in the house at the time,
claimed the liquor as his, and that she testified she had no
control or dominion over it, where there was no testimony in
the case that it belonged to her co-defendant.

[2] CRIMINAL LAW (336)—TRIAL—VERDICT—CONFORMITY TO IN-
FORMATION. A general verdict finding the defendant guilty of
the "unlawful possession of intoxicating liquor" is sufficient
where any uncertainty can be explained by reference to the
record; the information charging that the liquor was moon-
shine "whiskey" and was capable of being used as a beverage,
within Rem. Comp. Stat., § 7307.

[3] INTOXICATING LIQUORS (30, 42)—UNLAWFUL POSSESSION—PRIOR
CONVICTION—SUFFICIENCY OF COMPLAINT OR INFORMATION. It is
sufficient to allege in an information in a liquor prosecution
that the accused had theretofore been "convicted" of a violation
of the liquor laws, in the language of Rem. Comp. Stat., § 7339,
providing increased punishment for second offenses, without
alleging a former final, enforcible judgment which it is neces-
sary to establish by proof.

[4] CRIMINAL LAW (333, 338)—VERDICT—FORM—FINDING OF PRIOR
CONVICTION. In a liquor prosecution in which a prior conviction
is alleged, the jury's answer to an interrogatory finding the fact
of a prior conviction is not a special verdict that must contain
all the elements essential to support the judgment, but is
merely a finding of a collateral fact, going to the extent of the
punishment, and is sufficient when such fact is found.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered May 22, 1926,
upon a trial and conviction of unlawful possession of
intoxicating liquor. Affirmed.

[1]Reported in 258 Pac. 484.

*Snively & Bounds,* for appellant.

*G. E. Clark* and *C. G. Walters,* for respondent.

PARKER, J.—The defendant, Josie Burnett, and another defendant, were jointly charged as follows:

"They, the said . . . and Josie Burnett, on July 2, 1925, within Yakima County, Washington, each then and there being, did then and there knowingly and unlawfully have in their possession intoxicating liquor other than alcohol, to-wit: a liquid containing intoxicating properties, capable of being used as a beverage and commonly known as Moonshine Whiskey;

"That said unlawful possession of intoxicating liquor, on the part of said Josie Burnett, constitutes a second violation of Chapter 19 of the Session Laws of 1917, of the State of Washington, said Josie Burnett having been convicted in the Justice Court of Nob Hill Precinct, Yakima County, Washington, before B. F. Young, Justice of the Peace, on July 17, 1923, of the unlawful possession of intoxicating liquor."

A trial of Josie Burnett, in the superior court for Yakima county sitting with a jury, resulted in a general verdict and also a special finding being returned by the jury as follows:

"We, the jury in the case of the State of Washington, plaintiff, against Josie Burnett, defendant, find the defendant Josie Burnett guilty of unlawful possession of intoxicating liquor."

"Interrogatory No. 1.

"Was the defendant Josie Burnett, on the 17th day of July, 1923, convicted of the unlawful possession of intoxicating liquor in the justice court of Nob Hill precinct, Yakima county, Washington, before B. F. Young, Justice of the Peace?

"Answer: Yes."

Upon this general verdict and special finding, judgment was by the court finally rendered against Josie Burnett that she pay a fine of $200 and be imprisoned

in the county jail for a period of thirty days. From this judgment, she has appealed to this court.

[1] Contention is made in behalf of the appellant that the evidence does not support the general verdict, and that the trial court should have so decided as a matter of law. A review of the evidence convinces us that intoxicating liquor capable of being used as a beverage, commonly called moonshine whiskey, was found concealed in her house, over which she had entire possession and control, under circumstances that warranted the jury in believing that she knowingly had possession of the liquor. It is argued, that the finding of the liquor in her house went no farther, in any event, than to raise the presumption that the liquor was in her possession; and that such presumption was overcome, as a matter of law, by her co-defendant claiming the liquor as his, he being a visitor at her house at the time the liquor was found there. It is true that one or two witnesses, testifying for the prosecution, said that, at the time of the search of appellant's house and her arrest with her co-defendant, he then claimed the liquor as belonging to him. But we have no testimony from her co-defendant or anyone else that the liquor belonged to him; nor do we have any testimony from anyone, other than appellant herself, that she did not have control and dominion over the liquor, when found in her house. We conclude that it cannot be held as a matter of law that the evidence does not sufficiently support the general verdict.

[2] Contention is further made in behalf of appellant that the general verdict is not sufficient in form to support the judgment of appellant being guilty of the principal charge, in that it fails to find that appellant's possession was of intoxicating liquor "capable of be-

ing used as a beverage;" that being the language of
the charge in the information. It may be conceded,
for present purposes, that it was necessary for the in-
formation to charge in terms that the liquor was
capable of being used as a beverage, or specify the
liquor by such name as would carry the same import.
The language of this information satisfies both of
these alternative conditions, since it charges that the
liquor was "capable of being used as a beverage," and
also that it was "moonshine whiskey." Rem. Comp.
Stat., § 7307 [P. C. § 3164]; *State v. Kassis,* 138 Wash.
141, 244 Pac. 396. Our decision in *State v. Tubbs,* 139
Wash. 338, 246 Pac. 932, seems to effectually answer
this contention, where we held that a verdict reading:

"We, the jury in the case of the State of Washing-
ton, Plaintiff, against W. J. Tubbs, Defendant, find the
defendant guilty of having liquor in his possession,"—

to be sufficient, when read in the light of the charge in
the information. Our decision in *State v. Cresto,* 130
Wash. 436, 227 Pac. 856, is in harmony with this view.
In the text of 27 R. C. L. 859, it is said:

"If by reference to the record any uncertainty in
the verdict can be explained, it is sufficient to sustain
the appropriate judgment."

This view of the law seems well supported by the
authorities. In *Ex parte Booth,* 39 Nev. 183, 154 Pac.
933, in what seems to us one of the best considered de-
cisions to be found in the books, Chief Justice Nor-
cross, speaking for the court, said:

"It is well settled, at least by the weight of modern
authority, that a verdict will not be held void for un-
certainty if its meaning can be determined by refer-
ence to the record, particularly the indictment or in-
formation."

This well stated observation is there supported by
an extended review of numerous decisions of the courts

of this country. We conclude that the general verdict is ample as to form and certainty, read in the light of the information in this case.

[3] Contention is further made, in behalf of appellant, that the information fails to sufficiently charge her prior conviction, to properly bring that question into this prosecution, in that the information should go farther than to charge appellant with theretofore being "convicted . . . of the unlawful possession of intoxicating liquor." The statute, Rem. Comp. Stat., § 7339 [P. C. § 3194], providing for the bringing of such an issue into an intoxicating liquor prosecution, reads:

"Every person convicted a second time of a violation of any provision of this act . . . shall be punished . . ."

This is followed by provisions prescribing a greater punishment for a second conviction than for a first conviction. The argument is that, since the word "convicted," used in this statute, means not only a former finding or plea establishing the guilt of the accused, but also a former final, enforcible judgment based upon such establishment of guilt, the information should so charge the prior conviction. While, under our decision in State v. Zounick, 133 Wash. 638, 234 Pac. 659, we have held it to be necessary that the proof shall establish such final judgment, before an accused can be visited with the greater punishment, as prescribed by § 7339 above quoted from, we think it is not necessary to so charge the prior conviction in the information. The statute using the word "convicted," the information need go no farther than to use that word in charging the former conviction; that word, as used in the statute, manifestly meaning a finding or

plea of guilty and an enforcible judgment rendered thereon in a court of competent jurisdiction.

[4] Contention is further made, in behalf of appellant, that this special finding is insufficient because, as counsel assume, it is a special verdict, and must therefore contain in terms all of the essential elements to support the judgment. The trouble with this contention, as we see it, is that this special finding is not a special verdict to which the rules touching the construction and sufficiency of special verdicts are applicable. Those rules have to do with verdicts which are special, in the sense that they constitute the sole support of the judgment rendered in the action. 27 R. C. L. 865, 875. This special finding is not a verdict purporting to determine appellant's guilt or innocence, but is merely a special finding of a collateral fact, going to the question of the extent of her punishment which the court may inflict. If it be anything different from this, then it is a general verdict upon the question of appellant's prior conviction, and, if, as such, it be uncertain upon its face, it is to be read in the light of the charge of former conviction as found in the information. We conclude that this special finding is amply certain and sufficient to support the judgment, in so far as the judgment purports to inflict punishment upon appellant in excess of that which she would have been subjected to under the principal charge, standing alone.

The record in this case, we think, fails to show that appellant has had other than a fair trial, free from prejudicial error.

The judgment is affirmed.

MACKINTOSH, C. J., HOLCOMB, TOLMAN, and FRENCH, JJ., concur.