[No. 21177. Department Two. November 30, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK LINDSEY, *Appellant*.[1]

[1]Reported in 272 Pac. 72.

122

*George Downer* and *W. L. Brickey,* for appellant.
*Edwin Gruber* and *E. D. Kenyon,* for respondent.

HOLCOMB, J.—On about April 27, 1927, the sheriff of Whatcom county was informed that a still was located on the property of one Prevost, located near a place called Geneva, not far from Bellingham. On April 27 the sheriff and his deputies raided the still. The still was large and situated in a large still-house, so constructed as to be somewhat inaccessible. The still was set up and operating. The officers seized the still and equipment, and also found and seized about twenty gallons of moonshine whiskey in the still-house and a fifty-two gallon barrel of moonshine whiskey a short distance from the still, under a search warrant. There were four large vats of corn mash visible when the officers entered the still. Appellant and his son, Eugene Lindsey, were found in the still-house and arrested. When arrested, appellant was in the act of changing his wet shoes, which were covered with corn mash, to dry dress shoes. He was asked by one of the

officers, according to the evidence, "when they started" and replied "about midnight."

While the officers were watching the still-house and before they entered it, appellant was seen to come out, go up to a stump, fill a lantern, come back to the still-house and the officers then heard a noise as of some-one shoveling coal and of escaping steam.

Appellant and his son were brought to trial under the second amended information which, in substance, charged appellant and Eugene Lindsey with the crime of "unlawful manufacture of intoxicating liquor for the purpose of sale, barter and exchange thereof," and also charged appellant with three prior convictions under the liquor law. Upon a trial upon the information, the jury found appellant guilty as charged, and found Eugene Lindsey guilty of the crime of unlawful manufacture of intoxicating liquor, other than alcohol, for the purpose of sale, barter and exchange thereof.

Motions in arrest of judgment and for a new trial were seasonably made and denied. The court entered judgment against appellant and sentenced him to imprisonment in the state penitentiary for an indeterminate term. Frank Lindsey alone appeals.

The first assignments of error attack the sufficiency of the information. The information reads:

"In the name and by the authority of the state of Washington, I, E. D. Kenyon, deputy prosecuting attorney of Whatcom county, state of Washington, come now here and give the court to understand and be informed, and on oath do accuse Frank Lindsey and Eugene Lindsey of the crime of unlawful manufacture of intoxicating liquor for the purpose of the sale, barter and exchange thereof committed as follows: Then and there being in Whatcom county, Washington, on or about the 27th day of April, 1927, the said defendants, Frank Lindsey and Eugene Lindsey, did wilfully and unlawfully and feloniously manufacture

intoxicating liquor other than alcohol, to-wit: About 75 gallons of whiskey commonly known as moonshine, for the purpose of the sale, barter and exchange thereof, the said intoxicating liquor being capable of being used as a beverage; the said Frank Lindsey having heretofore been convicted three times of a violation of the liquor laws of the state of Washington as follows: The said Frank Lindsey was on or about the 25th day of May, 1921, convicted of the crime of 'Unlawfully possessing intoxicating liquor' before the Honorable E. Crookston, Justice of the Peace in and for Mount Vernon precinct, Skagit county, Washington; the said Frank Lindsey was on or about the 15th day of October, 1921, convicted of the crime of 'Unlawful possession of intoxicating liquor' before the Honorable E. Crookston, justice of the peace in and for Mount Vernon precinct, Skagit county, Washington, and the said Frank Lindsey was on or about the 1st day of December, 1924, convicted in the superior court of the state of Washington, in and for Skagit county of the crime of 'Possession of intoxicating liquor and was once before convicted of the crime of possession of intoxicating liquor.'

"And so the prosecuting attorney, as aforesaid, does accuse the said Frank Lindsey and Eugene Lindsey of the crime of unlawful manufacture of intoxicating liquor for the purpose of the sale, barter and exchange thereof, all of which is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington."

Appellant asserts that while the information mentioned three specific prior convictions of appellant, they are all mentioned by way of recital only and make no direct accusation as to these prior convictions.

The language of the information, "the said Frank Lindsey having heretofore been convicted three times of a violation of the liquor laws of the State of Washington as follows," is relied upon as being the substance of the accusation and which amounts only to a recital and not to a direct allegation.

31 C. J. 660, to the effect that prior convictions are material matters which cannot be sufficiently alleged by way of recital only, and *Cooper v. Commonwealth,* 134 Va. 545, 113 S. E. 865; *Smith v. State,* 75 Fla. 468, 78 South. 530, are cited and relied upon as sustaining this contention.

It is also insisted that our own cases of *State v. Spencer,* 130 Wash. 595, 228 Pac. 689, involving an information under the habitual criminal statute, and *State v. Magnusson,* 128 Wash. 541, 223 Pac. 325, sustain this contention.

The cases from other states cited by appellant are illustrated by the following from *Cooper v. Commonwealth,* 134 Va. 545, 113 S. E. 863, where the indictment merely alleged "The said Rich Cooper having heretofore . . . been convicted of unlawfully manufacturing, selling . . . ardent spirits, etc." This appears to have been the only attempted allegation of former convictions.

But in the instant case the information introduced the prior convictions by a recital, as quoted, and then proceeds to directly allege that appellant had been previously convicted of violation of the liquor laws at the times and in the courts stated in the information, alleging three specific previous convictions. These were certainly direct accusations and not mere recitals. That they are sufficient allegations, seems to be well established in this state. *State v. Cotz,* 94 Wash. 163, 161 Pac. 1191; *State v. Gilfilen,* 124 Wash. 434, 214 Pac. 831; *State v. Spencer,* 130 Wash. 595, 228 Pac. 689; and *State v. Edelstein,* 146 Wash. 221, 262 Pac. 622.

It is further contended that the information under which appellant was prosecuted was based upon the third paragraph of § 1, ch. 122, Laws of 1921, p.

398; Rem. Comp. Stat., § 7338, the material portion of which reads as follows:

"Every person convicted of the manufacture of intoxicating liquor for the purpose of sale, barter or exchange thereof shall be punished by a fine of not less than $500 nor more than $1,000, and by imprisonment in the county jail for not less than ninety days nor more than six months. Every person convicted a second time of the manufacture of intoxicating liquor for the purpose of sale, barter or exchange thereof shall be punished by a fine of not less than $1,000 nor more than $2,000, and by imprisonment in the county jail for not less than six months nor more than one year.

"The provisions and penalties of this section are independent of those of section 7328, relating to the offenses of 'jointist' and 'bootlegger' which shall remain in full force and effect."

But it is argued that, in an effort to convict appellant of a felony and send him to the penitentiary, the state sought to prosecute him under § 15, ch. 19, Laws of 1917, p. 61; Rem. Comp. Stat., § 7339, which reads:

"Every person convicted the second time of a violation of any provision of this act, for which the punishment is not specifically prescribed, shall be punished by a fine of not less than two hundred nor more than five hundred dollars and by imprisonment in the county jail for not less than thirty days nor more than six months and every person convicted the third time of a violation of any provision of this act shall, for such third and each subsequent conviction, be punished by imprisonment in the penitentiary for not less than one nor more than five years. Every prosecuting attorney, and every justice of the peace, having knowledge of any previous conviction or convictions of any person accused of violating this act, shall in preparing a complaint, information or indictment, for subsequent offenses, allege such previous conviction or convictions therein, and a certified transcript from the docket of any justice of the peace, or a copy of the record of

any court of record, certified by the clerk thereof under the seal of the court, shall be sufficient evidence and proof of such previous conviction or convictions.''

It is then contended that ch. 122, Laws of 1921, p. 398, repeals or renders nugatory § 15, ch. 19, Laws of 1917, p. 61, in so far as the crime of manufacturing intoxicating liquor for the purpose of sale, barter and exchange thereof under the Laws of 1921, ch. 122, is concerned.

Appellant asserts that *State v. Andrich,* 135 Wash. 609, 238 Pac. 638, is in effect a decision that the 1917 law is repealed by the portion of the 1921 law, relating to unlawfully manufacturing liquor; citing also *State v. Douglas,* 122 Wash. 387, 210 Pac. 778, and *State v. Matson,* 127 Wash. 513, 221 Pac. 311.

The cases cited do not hold as appellant contends. On the contrary, *State v. Andrich, supra,* held that ch. 122, Laws of 1921, p. 398, did not repeal ch. 19, Laws 1917, p. 61.

The information was sufficient and the prosecution for the principal offense and previous convictions of the liquor laws, proper.

It is next contended that certain exhibits, which were certified transcripts from justice and superior courts, showing previous convictions, alleged in the information, were erroneously admitted in evidence.

One of the exhibits (''K'') was a certified copy by the clerk of the superior court of Skagit county of a judgment and sentence of that court of a conviction of appellant, on December 1, 1924, of the crime of possession of intoxicating liquor and of having once before been convicted of the crime of possession of intoxicating liquor.

Under the statute (Rem. Comp. Stat., § 7339) which has been quoted herein as § 15, ch. 19, Laws of 1917, p. 61, it is made the duty of the prosecuting attorney,

when prosecuting for violation of the liquor laws, to allege such previous convictions. It is also provided that "a certified transcript from the docket of any justice of the peace, or a copy of the record of any court of record, certified by the clerk thereof under the seal of the court shall be sufficient evidence and proof of such previous conviction or convictions."

Appellant insists that, as to the superior court, the statute requires the whole record to be certified and that nothing less is admissible.

Texts are quoted from Corpus Juris and cases from other jurisdictions to the effect that

"A record is a memorial of a proceeding or act of a court of record, entered in a roll for its preservation; a memorial or history of judicial proceedings in a case, commencing with the writ or complaint and ending with the judgment."

Our superior courts are courts of record of original and general jurisdiction. They are courts whose jurisdiction and authority must be presumed until the contrary conclusively appears. The judgment in the exhibit attacked contains all the necessary recitals to disclose jurisdiction in the superior court of Skagit county to enter the judgment shown. All the steps leading up to the judgment necessary to confer jurisdiction on that court must be presumed. A judgment having become final cannot be attacked collaterally.

We cannot assent to the contention that when the statute used the word "record" it meant the entire record of a conviction in a court of record and of general and final jurisdiction.

As to the exhibits exemplifying the convictions in justice of the peace court, they were shown by complete transcripts of the justice court records. There was some difference in the spelling of appellant's name in Exhibits "J" and "K," where his name was

spelled Lindsay, whereas his name is correctly spelled Lindsey; but witnesses were called who identified appellant as the same man who was convicted in each of those causes. The Christian name was identical in all the records. The surnames were *idem sonans*. In such case absolute accuracy is not required in spelling names in a legal document or proceeding, either civil or criminal. *Hubner v. Reickhoff,* 103 Iowa 368, 72 N. W. 540.

Appellant also admitted upon cross-examination that he had been convicted twice of the violation of the liquor laws in the court of the justice of the peace Crookston, which convictions were alleged in the information and shown in the exhibits as the court in which appellant had been convicted, once upon a plea of guilty and once upon a trial and conviction. He also admitted that he had been convicted in the superior court of Skagit county of the violation of the liquor laws.

While there are authorities to the contrary, notably *People v. Sickles,* 156 N. Y. 541, 51 N. E. 228, and *State v. Smith,* 129 Iowa 709, 106 N. W. 187, and others, this court is committed to the rule that the identity of the accused with the person guilty of previous convictions may be shown at least in part by the admission of the accused upon trial. *State v. McBroom,* 136 Wash. 453, 240 Pac. 562. See, also, *State v. Tubbs,* 139 Wash. 338, 246 Pac. 932.

The next contention is that the verdict rendered herein was an acquittal of the prior offenses. The verdict returned reads:

"We, the jury, in the case of the state of Washington, plaintiff, v. Frank Lindsey and Eugene Lindsey, defendants, duly empaneled and sworn, do find the defendant Frank Lindsey guilty as charged. We do

further find the defendant Eugene Lindsey guilty of the crime of unlawful manufacture, etc.''

Since each defendant was separately found guilty and appellant was accused in the information of the principal crime and of also having been three times theretofore convicted when the jury found him guilty as charged, it plainly found him guilty, not only of the principal offense, but of the three previous convictions. *State v. Dale,* 110 Wash. 181, 188 Pac. 473; *State v. Buttignoni,* 118 Wash. 110, 203 Pac. 76; *State v. McBroom, supra.* See, also, *State v. Burnett,* 144 Wash. 598, 258 Pac. 484.

■■ Appellant also contends that the judgment based upon the foregoing verdict is insufficient and contains no recitals authorizing a conviction of the enhanced crime created by the former convictions of violations of the liquor law, since the judgment merely recites that, ''it appearing to the court by the verdict of guilty that the defendant is guilty of the crime of unlawful manufacture of intoxicating liquor for the purpose of the sale, barter and exchange thereof'', and then contains the following judgment:

''whereupon, all and singular the premises being seen and by the judge of the court here fully understood, it is ORDERED, ADJUDGED AND DECREED by said court that the said defendant is guilty of the crime of unlawful manufacture of intoxicating liquor for the purpose of the sale, barter and exchange thereof, as charged,''

This judgment is manifestly deficient; but it is not necessary to reverse the case by reason thereof.

The evidence is ample as shown by the record to warrant the conviction of appellant of the main offense alleged as recited in the judgment. It is also sufficient under the record to render appellant guilty of the enhanced offense caused by the three prior convictions.

It is the function of the court to enter the proper judgment under such conviction, but this judgment does not do so.

The cause is therefore remanded with instructions to the trial court to enter a proper and sufficient judgment in accordance herewith. In all other respects the judgment is affirmed.

FULLERTON, C. J., MAIN, ASKREN, and BEALS, JJ., concur.

