[No. 17077. Department Two. October 25, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v.
J. W. CRITZER, *Appellant*.

THE CITY OF SPOKANE, *Respondent*, v. J. W. CRITZER,
*Appellant*.[1]

INTOXICATING LIQUORS (27, 30)—OFFENSES—LIQUORS PROHIBITED—
"MOONSHINE WHISKEY." A conviction of manufacturing whiskey is
sustained by evidence of the active operation of a still for the manu-
facture of "moonshine whiskey" distilled from corn mash, without
proof of the percentage of its alcoholic content, even though it was
shown to be not of the same degree as standard whiskey.

Appeal from judgments of the superior court for
Spokane county, Oswald, J., entered June 4, 1921,
upon a trial and conviction of consolidated prosecu-
tions for the violation of liquor laws. Affirmed.

*F. C. Highsmith*, for appellant.

*J. M. Geraghty* and *Arthur L. Hooper*, for respond-
ent City of Spokane.

*Wm. C. Meyer* and *M. R. Morton*, for respondent
State of Washington.

HOVEY, J.—Defendant was charged by the state
with manufacturing intoxicating liquor in Spokane
county, and another charge was made against him by
the city of Spokane of unlawful possession of intoxi-
cating liquor in violation of the city ordinances. The
two cases were consolidated and tried by one jury,
and the defendant was convicted in each case.

The evidence showed that defendant had a still in
the basement of the building occupied by him which
was in active operation at the time he was arrested,
and that from corn mash he was producing distilled
moonshine whiskey. Samples of the liquor were in-

[1]Reported in 209 Pac. 1081.

troduced in evidence and its character was testified to by several witnesses. The percentage of alcohol in the liquor was not shown, and appellant makes the point in this court that, inasmuch as it appeared from the testimony that moonshine whiskey has not the same degree of proof as standard whiskey, there was not sufficient evidence to go to the jury under the charges made, and it is claimed that moonshine whiskey is not embraced within the term "whiskey." The statute expressly names whiskey as one of the liquors which it is forbidden to manufacture or possess and the law is not concerned with the degree of its strength. The liquor in question is the distilled product of corn, and the fact that it had only gone through one process of distillation does not render it any the less a commodity prohibited by law.

Both of the judgments will be affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.