[No. 18953. Department One. January 9, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. LEO LESH
*et al., Appellants.*[1]

INTOXICATING LIQUORS (30, 51)—OFFENSES—JOINTIST—UNLAWFUL
POSSESSION—PRESUMPTIONS—INSTRUCTIONS. In a prosecution for be-
ing a jointist, it is reversible error, after instructing that the un-
lawful possession of intoxicating liquor is *prima facie* evidence that
it was possessed for the purpose of unlawful sale or disposition, to
refuse, on request, to instruct that the mere fact of unlawful pos-
session or sale does not raise any presumption that the place was
conducted or maintained for the purpose of unlawful sales.

SAME (49)—OFFENSES—JOINTIST—EVIDENCE—ADMISSIBILITY. In a
prosecution for being a jointist, it is inadmissible, as being too
remote, to prove the discovery, five and one-half months later, of a
secret recess in the walls of the building, with intoxicating liquor
concealed therein.

Appeal from judgments of the superior court for
Kittitas county, Davidson, J., entered June 2, 1924,
upon a trial and conviction of being jointists. Re-
versed.

*E. K. Brown* and *J. V. Hoeffler,* for appellants.
*Arthur McGuire,* for respondent.

PARKER, J.—The defendants, Lesh and Klarich, were
jointly charged in the superior court for Kittitas
county with the offense of being jointists; that is, with
opening up, conducting and maintaining a place for
the unlawful sale of intoxicating liquor in that county;
their prosecution being under § 7328, Rem. Comp. Stat.
[P. C. § 3179h]. They were jointly tried and by a
jury both found guilty, upon which judgments were
rendered sentencing them to the penitentiary, from
which they have appealed to this court.

[1]Reported in 232 Pac. 302.

The trial court gave to the jury, among other instructions, the following:

"I further instruct you that if the jury find beyond a reasonable doubt that the defendants were in possession of intoxicating liquor at the time and place charged, such possession and proof thereof is prima facie evidence that said intoxicating liquor was so held and kept for the purpose of unlawful sale or disposition thereof."

This was, of course, intended to be a statement of the rule of *prima facie* evidence prescribed by § 7329, Rem. Comp. Stat. [P. C. § 3185]. Counsel for appellants requested the trial court to give to the jury the following additional instruction touching the limitation of that rule, which request was refused:

"While the unlawful possession of intoxicating liquor is *prima facie* evidence that such intoxicating liquor was possessed for the purpose of unlawful sale or disposition, the mere fact of the unlawful possession of intoxicating liquor in any place or establishment does not raise any presumption of law that such place or establishment was a place or establishment opened up, conducted or maintained for the unlawful sale of intoxicating liquor, or in other words that such place was a joint."

Manifestly, the purpose of this request was to render it plain to the jury that the rule of *prima facie* evidence stated in the given instruction above quoted does not extend to the crime charged, but only to the question of the possession of liquor being for unlawful sale or disposition; which question is only incidental to the ultimate question of the defendants having maintained a place for the unlawful sale of intoxicating liquor. We held in *State v. Lesh, ante* p. 309, 232 Pac. 302, that upon the giving of an instruction stating the rule of *prima facie* evidence like the one above quoted, the accused is entitled to have its effect limited by an instruction

given in substance as requested in this case. We adhere to this view of the law. Therefore, the refusal to give this requested instruction, or one in substance of the same import, was erroneous, to the prejudice of appellants. This error of itself entitles appellants to a new trial, as appellant became so entitled to a new trial in that case.

To avoid what might occur upon a new trial, we find it necessary to dispose of another claim of error made in behalf of appellants. They were charged with committing the offense between August 26 and October 7, 1923; the information being filed on October 8, 1923. Over their counsel's objection, the trial court permitted the prosecution to introduce evidence of the discovery, some five and a half months later, of what was apparently a small secret recess behind a movable panel in the wall of one of the rooms of the building in question and the then discovery of some bottles of liquor therein. The objection was particularly directed to the evidence of the discovery of the bottles of liquor at that time and place and the introduction of the bottles of liquor in evidence as exhibits.

We are not prepared to hold that such a discovery of liquor, made very soon after the time of the commission of the offense, would be inadmissible as bearing on the question of the place being maintained for the unlawful sale of intoxicating liquor at the time charged; but we are well convinced that such a discovery of liquor, made five and a half months after the alleged time of the commission of the offense, is clearly too remote in point of time to permit introduction of evidence thereof as tending to show a maintenance of the place for the unlawful sale of intoxicating liquor at the time so charged. Other claims of error we feel do not require particular notice in this opinion. Sufficient has been

said by us in *State v. Lesh, supra,* to advise the trial court of our view of the law relative thereto, except possibly as to the question here suggested of the undue curtailment of cross-examination of one or two witnesses in the trial of this case. This record does not suggest to our minds that the trial court is likely to abuse its discretion in that behalf upon a new trial.

The judgments of the trial court are reversed and appellants are awarded a new trial.

MAIN, C. J., BRIDGES, and TOLMAN, JJ., concur.

PEMBERTON, J., concurs in the result.