[No. 18934. Department One. January 9, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. W. J. LESH, *Appellant.*[1]

INTOXICATING LIQUORS (30, 51)—JOINTIST—ILLEGAL POSSESSION—PRIMA FACIE EVIDENCE—INSTRUCTIONS. In a prosecution for being a jointist, it is error to refuse a requested instruction to the effect that the mere fact of unlawful possession in the place does not raise any presumption of law that the place was maintained for the unlawful sale of intoxicating liquor, notwithstanding it is proper in such a case to instruct that Rem. Comp. Stat., § 7329, raises a presumption that the unlawful possession of intoxicating liquor was for the purpose of unlawful sale.

INDICTMENT AND INFORMATION (101)—INTOXICATING LIQUORS (42, 51)—JOINTIST—CONVICTION OF LESSER OFFENSES—INSTRUCTIONS. The offenses of having possession of intoxicating liquor, of keeping or transporting it with intent to sell, and of selling it, are not included within the offense of being a jointist (maintaining or conducting a place for the purpose of unlawful sale) and in a prosecution for the latter, it is proper to refuse a request to instruct that the jury may find the accused guilty of the other offenses.

SAME. In a prosecution for being a jointist, it is proper to refuse a request that the charge includes the offense defined by Rem. Comp. Stat., § 7342, covering the keeping or maintaining of a place for the unlawful sale and the aiding and abetting or assisting in sales; since the jointist act, a later enactment, modifies § 7342 so far as it is included.

CRIMINAL LAW (289)—TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES. It is not error to refuse a requested instruction to receive with caution and scrutinize carefully the testimony of a witness whose evidence was procured through any inducement or promise of a reward or benefit, aimed at the testimony of one not an

[1]Reported in 232 Pac. 302.

accomplice, who was convicted of an independent offense and had knowledge of the crime charged, and to whom the prosecuting attorney held out the hope of a parole on condition that he testify to the truth.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered December 28, 1923, upon a trial and conviction of being a jointist. Reversed.

*E. K. Brown* and *J. V. Hoeffler,* for appellant.

*Arthur McGuire,* for respondent.

BRIDGES, J.—Lesh and Kairis were jointly charged with being jointists. Both were convicted, and the defendant Lesh has appealed. Complaint is made because the court gave the following instruction:

"(1) I further instruct you that if the jury find beyond a reasonable doubt that the defendants were in possession of intoxicating liquor at the time and place charged, such possession and proof thereof is prima facie evidence that said intoxicating liquor was so held and kept for the purpose of unlawful sale and disposition thereof."

This instruction was given under § 7329, Rem. Comp. Stat. [P. C. § 3185], which reads as follows:

"In any prosecution for the violation of any provision of this act, it shall be competent to prove that any person,  .  .  .   had in his possession any intoxicating liquor other than alcohol, and such possession and proof thereof shall be prima facie evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition."

In *State v. Brown,* 121 Wash. 371, 209 Pac. 855—a jointist case—we approved the giving of such an instruction because the proof of possession of intoxicating liquor by the defendant would be a fact pertinent to the inquiry of whether or not the place was being maintained by him "for the unlawful sale of intoxica-

ting liquor,'' assuming, of course, that in the particular case there was evidence tending to show that the defendant was in possession of intoxicating liquor.

(1) The appellant requested, and the court refused to give, the following in connection with the instruction just quoted:

''While the unlawful possession of intoxicating liquor is prima facie evidence that such intoxicating liquor was possessed for the purpose of unlawful sale or disposition, the mere fact of the unlawful possession of intoxicating liquor in any place or establishment does not raise any presumption of law that such place or establishment was a place or establishment opened up, conducted or maintained for the unlawful sale of intoxicating liquor; or, in other words, that such place was a joint.''

We think appellant was entitled to have this request, or the substance of it, given. Its meaning is that, while there flows from the mere possession of intoxicating liquor a presumption of intention to unlawfully sell or dispose of it, there is no presumption flowing from mere possession that there is an intent to sell or dispose of the liquors at a place opened up, conducted or maintained for that purpose. While we do not hold that the request was wrong, we are of the view that it would have been better and more complete had it contained the idea that the proof of possession might be considered by the jury, together with other facts, in determining whether appellant was a jointist. The instruction given, unless qualified as suggested, might easily mislead the jury into the belief that an inference of guilt as a jointist would arise from the mere fact of possession.

In the case of *State v. Williams, ante* p. 40, 231 Pac. 21, a similar proposition was discussed. We there said:

''It is true that the presumption of the statute goes no farther than the language implies, i. e., that posses-

sion is *prima facie* proof of intent to make unlawful sale or disposition, and that a presumption cannot be based upon a presumption. It does not follow from the statute that the unlawful sale or disposition is *prima facie* evidence that a certain place is maintained for the purpose of such sale; but, upon the other hand, there being proper proof before the jury that the person charged opened up, maintained and conducted the place, evidence of a sale or sales and of possession may be sufficient to convince the jury of the fact that the place was so opened up, maintained and conducted for the purpose of unlawful sale of intoxicating liquor. The request should have been merely to the effect that the presumption of the statute does not extend to the crime charged in the information [being a jointist] and that the evidence of a sale or sales, or of possession, should be considered by the jury, in connection with all of the other facts and circumstances shown, only in determining the fact as to whether or not the place was opened up, maintained or conducted for the purpose charged.''

We conclude that the court erred in refusing to give the requested instruction. When this case is retried we advise that there be added to the requested instruction, or one similar to it, the idea that proof of possession in a case of this character may be considered along with other testimony for the purpose of determining whether the defendant is guilty of the crime charged.

(2) It is claimed that the court erred in refusing to give appellant's requests numbers 20 and 21. These are very similar to those discussed and condemned in the case of *State v. Williams, supra,* and for the reasons there given it was proper to refuse them. In any event, their substance is covered by the requested instruction which we have heretofore discussed.

(3) It is claimed that the court erred in refusing to give requested instructions numbers 24, 25, 26 and 27. Request number 25 was to the effect that the offense of having possession of intoxicating liquor (§ 7328,

Rem. Comp. Stat.) [P. C. § 3179h], is included within
the offense charged, and that the jury would be justi-
fied in finding the defendant guilty of the included
offense. Request number 26 was to advise the jury
that, under another statute, it was a misdemeanor "to
keep or transport, with intent to sell, barter or ex-
change, intoxicating liquor," and that it is included
within the crime charged, and that the jury would be
authorized to find the appellant guilty of that offense.
Request number 27, covering the statutory offense pro-
viding that "every person who shall sell, barter or
exchange intoxicating liquor shall be guilty of a mis-
demeanor," and told the jury that it was also an in-
cluded offense. We have held that offenses of the
nature of those mentioned are included within the
charge of bootlegging (*State v. Spillman,* 110 Wash.
662, 188 Pac. 915), but are not included within the
statutory offense of being a jointist (*State v. Woods,*
116 Wash. 140, 198 Pac. 737). On the strength of the
last cited case, we hold that requests numbers 25, 26
and 27 were properly refused.

Request No. 24 concerned the crime provided by
§ 7342, Rem. Comp. Stat. [P. C. § 3196-7], which is that
"every person who shall, directly or indirectly, keep
or maintain, by himself or by associating or combining
with others, or who shall in any manner aid, assist, or
abet in keeping or maintaining any room or rooms,
place or places in which intoxicating liquors are re-
ceived or kept for unlawful use, barter or sale or for
unlawful distribution; and every person who shall re-
ceive, barter, sell, assist or abet another in receiving,
bartering or selling any intoxicating liquor so received
or kept, shall be guilty of a misdemeanor, . . ."
By it the jury would have been told that this was also
included within the charge of being a jointist. Whether
the offense stated in this request be repealed by the

later act with reference to maintaining a joint, as contended for by the state, it is not necessary for us to determine. The jointist act, being a later one than that mentioned in this request, would certainly have the effect of modifying it, in so far as it pertains to the maintenance of a place for the unlawful sale of intoxicating liquor. That was the only question involved here. The remainder of § 7342 is not included in the offense of being a jointist. For these reasons the request was properly refused.

(4) The appellant requested, and the court refused, the following:

"You will receive with caution and scrutinize carefully the testimony of any witness which you may believe was procured or given in whole or in part through or on account of any inducement or any promise or assurance of a reward or benefit of any kind to such witness."

This request is directed at the testimony of a witness named Ackerlund. The testimony tends to show that, prior to the trial of this case, the witness had an understanding with the appellant and Kairis that he would furnish them with moonshine whiskey manufactured by him at his place near Cle Elum, and that he did furnish them with such whiskey and that some of it found its way into the place where appellant is accused of having maintained a joint. Ackerlund had been tried and found guilty of manufacturing this same whiskey, and at the time of the trial of this case was in jail and under a fine. The prosecuting attorney, in order to procure the testimony of this witness, promised him that he would undertake, and probably would succeed, in procuring his parole if he and his wife would testify in this case. The prosecuting attorney did not make the promise on condition that the witnesses would give any particular kind of testimony

in this case, but only on condition that they would testify to the truth.

Ackerlund was not an accomplice, and the rules of law with reference to the testimony of accomplices are not applicable here. We concede that it would not have been error for the court to have given the instruction requested, but it was not error to refuse to give it. We will not discuss the question whether this request amounts to a comment upon the testimony. *State v. Miller,* 72 Wash. 174, 130 Pac. 356. We base our conclusion on another ground. The jury had all the facts before it. The sole purpose of the testimony with reference to the parole or pardon was to show the interest of the witness. This the jury knew. They also knew that it was their duty to consider any and all testimony received by the court. They knew, without being told, that personal interest may cause a witness to give false testimony, or at least to color it. Why, then, tell the juror what he already knows? Unless we are to presume that jurors are ignorant of the common affairs of life, of the passions and weaknesses of their fellow men, no good can flow from such instructions as here requested; on the contrary, harm may follow because confusion may result. We cannot see how it is possible for the appellant to have been prejudiced by the refusal to give the requested instruction.

On account of the error hereinabove pointed out, the judgment is reversed and the cause remanded for a new trial.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.

PEMBERTON, J., concurs in the result.