[No. 19626.  Department Two.  March 25, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTONE
KASSIS, *Appellant*.[1]

[1] INTOXICATING LIQUORS (50)—CRIMINAL PROSECUTION—POSSESSION
OF MOONSHINE WHISKEY—WEIGHT AND SUFFICIENCY OF EVIDENCE.
"Whiskey" in the definition of "intoxicating liquor" in Rem.
Comp. Stat., § 7307, includes whiskey of all kinds, so that an
information for the unlawful possession of "moonshine" whiskey,
is sufficient without alleging that it contains intoxicating prop-
erties and is capable of being used as a beverage, as is required
in the case of "other liquors" not specified in the act.

[2] CRIMINAL LAW (452)—HARMLESS ERROR—INSTRUCTIONS.  Error
in instructions as to "intent to sell" intoxicating liquor is not
prejudicial where the accused was found guilty of the lesser
offense of possession without any intent to sell.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered April 24, 1925,
upon a conviction of unlawful possession of intoxicat-
ing liquor.  Affirmed.

*C. D. Cunningham,* for appellant.

*Don G. Abel,* for respondent.

PARKER, J.—The prosecuting attorney for Lewis
county filed a complaint in a justice court of that
county charging the defendant, Kassis, with the of-
fense of having in his possession in that county intox-
icating liquor, towit: "moonshine whiskey," with in-
tent to sell the same.  This charge, manifestly, is an
accusation of defendant as having violated § 7309,
Rem. Comp. Stat., making it an offense "to keep any
intoxicating liquor, with intent to sell, barter, ex-
change, give away, furnish or otherwise dispose of the
same," and includes the lesser offense of having pos-
session of intoxicating liquor apart from any such

[1]Reported in 244 Pac. 396.

intent, as defined by § 7328, Rem. Comp. Stat. Kassis was tried in the justice court upon this complaint, wherein he was adjudged guilty, from which judgment he appealed to the superior court for Lewis county, where he was again tried and found guilty of the lesser offense; that is, guilty only of possession of intoxicating liquor. A judgment was rendered against him accordingly by that court, from which he has appealed to this court.

[1] The principal contention here made in behalf of Kassis seems to be that there was a failure of proof, particularly in that there was a failure to prove that the liquor alleged to be in his possession was intoxicating liquor and capable of being used as a beverage. We think the evidence was sufficient to warrant the jury in believing that Kassis did unlawfully have in his possession "moonshine whiskey;" that being the term used by the witnesses descriptive of the liquor, as it is used in the complaint. Intoxicating liquor under the ban of our statutes is defined by § 7307, Rem. Comp. Stat., as follows:

"The phrase 'intoxicating liquor,' whenever used in this act, shall be held and construed to include [1] whiskey, brandy, gin, rum, wine, ale, beer and any spiritous, vinous, fermented or malt liquor, [2] and every other liquor or liquid containing intoxicating properties, which is capable of being used as a beverage, whether medicated or not, [3] and all liquids whether proprietary, patented or not, which contain any alcohol, which are capable of being used as a beverage."

We have numbered the three parts of this section as counsel for Kassis has done and has asked us to so notice its provisions. The argument, as we understand counsel, is that the words "moonshine whiskey," as used in the complaint and the testimony, call for

independent proof that such liquor is intoxicating and capable of being used as a beverage; that is, that the words "moonshine whiskey" do not necessarily mean "whiskey," as used in the first part of the section, but fall within those liquors which are referred to generally in the second and third parts of the section, as to which it must be proven, that they are intoxicating and capable of being used as a beverage, in order to convict. It seems plain that to charge and prove one as having possession of "whiskey," without going further, is sufficient proof of one having possession of intoxicating liquor, because the first part of the section specifies "whiskey" as intoxicating liquor. It seems to us that the same result must follow from charging and proving one with having unlawful possession of "moonshine whiskey." The specifying by charge and testimony of a particular kind of whiskey is certainly a specification of a liquor as whiskey. We think that § 7307 means that whiskey of all kinds shall be regarded in the eyes of the law as intoxicating liquor; that when one is proved to be in possession of whiskey of whatever kind, with intent to sell or otherwise unlawfully dispose of it, he is proven to have violated § 7309; and that when one is proven to be in possession of whiskey of whatever kind, apart from such intent, he is proven to have violated § 7328, defining the lesser offense. We are of the opinion that the judgment of the trial court cannot be reversed for want of sufficient proof to carry the case to the jury.

[2]  Certain instructions given by the court to the jury are complained of as erroneous, particularly the court's instruction as to the presumption of intent to sell or dispose of liquor, arising from its possession, as prescribed by § 7329, Rem. Comp. Stat. It does seem that these instructions as given by the court were tech-

nically erroneous, but since such instructions had to do only with the question of Kassis being guilty of possession with intent to sell, and since he was acquitted of that charge and found guilty of the lesser offense, that is, mere possession, as to which such intent is of no moment, we think such technical error is here shown to be wholly without prejudice.

One or two other additional claims of error are made in behalf of Kassis and briefly argued. We think, however, they are wholly without merit, and that the case does not call for further discussion.

The judgment is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.