[No. 19860. Department Two. July 28, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. MIKE BOGDON *et al., Appellants.*[1]

[1] INTOXICATING LIQUORS (50)—JOINTIST—EVIDENCE—SUFFICIENCY—MOONSHINE. A conviction of being a jointist is sustained by evidence that the defendant maintained a place for the sale of drinks of "moonshine," the term, when applied to beverages, meaning "whiskey" and intoxicating liquor within the statutes defining a jointist.

Appeal from a judgment of the superior court for King county, Mills, J., entered November 16, 1925, upon a trial and conviction of being a jointist. Affirmed.

*Rummens & Griffin,* for appellants.

*Ewing D. Colvin, R. M. Burgunder,* and *Robert S. Macfarlane,* for respondent.

TOLMAN, C. J.—Appellants were charged and convicted under the jointist statute, Rem. Comp. Stat., § 7328 [P. C. § 3179h], and have appealed from the judgment and sentence.

At the close of the state's case, appellants moved for the withdrawal of the case from the jury; at the close of all of the evidence, they moved for an instructed verdict of not guilty; and after the return of the jury's verdict of guilty, they moved for a judgment *non obstante*; each of which motions was by the court denied.

The assignments of error are based upon these rulings, and raise the single question of the sufficiency of the evidence to take the case to the jury or warrant the verdict of guilty.

[1] The evidence tended to show that the appellants were operating a small store and gasoline station

[1]Reported in 248 Pac. 66.

in a rural portion of King county, and there was a great sufficiency of testimony to the effect that the place was maintained and conducted by these appellants for the sale of moonshine, and that moonshine was there purchased on several occasions by a number of witnesses. The whole argument here is based upon the fact that the witnesses, without exception, referred to "a drink of moonshine," "a bottle of white moonshine," "the drinks," and similar expressions, never at any time using the words "whisky" or "intoxicating liquor." Perhaps the strongest testimony for the state is the following:

"He came back, and after talking to him a while Mr. Strange asked him for a drink of moonshine. So he went back and poured out another drink. Q. Who did this? A. The other man. He was introduced to me as Mike. Q. Is that man in the court room? A. He is the second man from this end on the bench. Q. What followed? A. We drank a little of that. I asked him for a short one. He just poured a little bit in the glass for me and I tasted of that, and we asked for some beer. He said that he didn't have any beer, but he knew where we could get beer. Some other one of the fellows said, 'Take us to it.' He said it would be quite a little distance. He said he would have to go over to Cumberland. We said that didn't make any difference. So he came and got in the car with us. We went over to Cumberland to a private home there and bought beer and came back. This man Mike got out of my car and went out. Mr. Strange, Mr. Walker and I got out also, when Strange and Walker bought another round of drinks. . . ."

Appellants, citing the statute, Rem. Comp. Stat., § 7307 [P. C. § 3164], and the recent case of *Spokane v. Karlsten,* 137 Wash. 414, 242 Pac. 389, argue that an information charging the opening up, conducting and maintaining of a place for the sale of moonshine, would be insufficient, and that therefore the evidence

as hereinbefore outlined is wholly insufficient, but cite no case so holding.

To the contrary, the state cites and relies upon *Wilburn v. State,* 8 Ga. App. 28, 68 S. E. 460, where it was held that the testimony of the sale of corn liquor was sufficient proof of the selling of alcoholic, spirituous, malt and intoxicating liquor; *Kolar v. State,* 232 Pac. (Okl. Cr.) 449, to the same effect; and the dictionary definitions of moonshine as, "Liquor smuggled or illicitly distilled" (Webster's New International Dictionary), and "Smuggled or illicitly distilled spirits" (Funk & Wagnall's New Standard Dictionary); and further argues:

"It is a rule of universal application that the courts should take notice of whatever is or ought to be generally known within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind. It is because of this rule that the courts judicially know the intoxicating or non-intoxicating nature of any of the liquors commonly offered for sale, and the nature and character of intoxicating liquors are matters of such general notoriety that courts will take judicial cognizance thereof in questions arising under statutes restricting their use and sale. 15 R. C. L., pp. 1132, 1133."

In *State v. Bailey,* 67 Wash. 336, 121 Pac. 821, this court took judicial notice of the fact that all spirituous liquors are intoxicating. In *State v. Takano,* 94 Wash. 119, 162 Pac. 35, judicial notice was taken of the fact that wood alcohol is a poison. And in three recent cases, *State v. Critzer,* 122 Wash. 88, 209 Pac. 1081; *State v. Goforth,* 126 Wash. 56, 216 Pac. 882; and *State v. Kassis,* 138 Wash. 141, 244 Pac. 396, it was held that the words "moonshine whisky" were within the term "whisky" as used in the statute.

In *State v. Hoffman,* 132 Wash. 363, 232 Pac. 278, this court took an advanced position, far beyond that

which is now necessary to sustain this conviction. If in that case the jury might reasonably infer that the still, though capable of being used for an innocent purpose, was in fact being used for an unlawful one, surely here even the jury must have known that the term "moonshine," when used to describe a liquid to be imbibed, has one, and only one, meaning, and that the meaning is as definite and certain as the meaning of the word "whisky."

We find no error, and the judgment appealed from is affirmed.

ASKREN, PARKER, MACKINTOSH, and MITCHELL, JJ., concur.