[No. 20174.   Department One.   November 22, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. ALEX
JOHNOFF, *Appellant.*[1]

[1] INTOXICATING LIQUORS (51)—JOINTIST—INSTRUCTIONS. The word
"moonshine" applied to beverages means "whiskey" and it is
not error to give instructions applying thereto the statutory
definition of intoxicating liquors.

[2] SAME (51). It is not error in a jointist case to refuse to instruct
to the effect that an unlawful sale does not raise any presump-
tion of law that the place was conducted as a joint, where no
instruction was given as to any unlawful sales other than to say
that proof of sales is admissible and material in so far as it
tends to show the purpose for which the place was kept.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered September 26, 1925,
upon a trial and conviction of being a jointist. Af-
firmed.

*Fred C. Brown,* for appellant.

*Ewing D. Colvin* and *Ralph Hammer,* for re-
spondent.

MITCHELL, J.—Appellant was informed against,
tried and convicted under the jointist statute, Rem.
Comp. Stat., § 7328 [P. C. § 3179h], and has appealed
from the judgment.

[1]  The first assignment is that the court erred in
its instruction to the jury in defining the words "in-
toxicating liquor," for the alleged reason that there
was no evidence in the case justifying the giving of the
instruction, and that it was therefore outside the is-
sues. The statute says:

"Any person who opens up, conducts or maintains,
either as principal or agent, any place for the unlaw-

[1]Reported in 250 Pac. 950.

ful sale of intoxicating liquor, be and hereby is defined to be a 'jointist'."

The instruction complained of gave the statutory definition of intoxicating liquor, but the contention seems to be that the witnesses used the word "moonshine," and that such word is not used in the statutory definition of intoxicating liquor. The argument is fully answered by the recent case of *State v. Bogdon,* 140 Wash. 68, 248 Pac. 66, and cases therein cited. Besides, one of the witnesses who testified to having made a purchase of the liquor from the appellant and drunk it said:

"I said I felt the effects of it. I was not intoxicated, but I know it was intoxicating liquor."

[2] The only other assignment is, that the court erred in not giving a requested instruction to the effect that, while the unlawful possession or sale of intoxicating liquor is *prima facie* evidence that it was possessed for the purpose of unlawful sale or disposition, the mere fact of such unlawful possession in any place or establishment does not raise any presumption of law that such place or establishment was a place opened up, conducted or maintained for the unlawful sale of intoxicating liquor. Appellant relies on *State v. Lesh,* 132 Wash. 309, 232 Pac. 302, a jointist case. In that case, we held it was error to refuse to give an instruction similar to the one requested and refused in the present case, which, however, should be supplemented with another idea suggested in the opinion. But it was made clear in that case that there was necessity to give such instruction because the court did instruct the jury to the effect that, if they found beyond a reasonable doubt that the defendant was in possession of intoxicating liquor at the time and place charged, such possession and proof thereof is *prima facie* evidence

that such intoxicating liquor was so held and kept for the purpose of unlawful sale and disposition. That is, in the trial of a jointist case, if an instruction like the one actually given in that case should be given, then another one similar to the one requested and refused and containing the additional idea suggested by the opinion should be given as a qualification or limitation, else the jury might be misled into the belief that an inference of guilt as a jointist would arise from the mere fact of possession. In the present case, there was no need for the qualifying or limiting instruction, because nothing similar to the other one was given. Here nothing whatever was said in the instructions as to the law relating to the possession of intoxicating liquor. The proof showed and the instructions were addressed to, not the possession of intoxicating liquor, but only to completed sales of it. In this respect the jury was instructed:

"The offense charged is not the sale of intoxicating liquor, but is the conducting and maintaining of a place for the sale thereof. If a place is conducted for the purpose of the sale of intoxicating liquor, then the person so conducting or maintaining it is a jointist, whether a sale has been proven or not. Proof of sales, if any, is admissible and material in so far as it may throw light upon or enable the jury to determine for what purpose a place is kept."

Appellant, however, makes no complaint of this instruction, which appears to have sufficiently covered the situation in protection of his rights. There was no error in refusing the requested instruction.

Affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and FULLERTON, JJ., concur.