[No. 19989.   Department One.   December 3, 1926.]

The State of Washington, *Respondent*, v. Michael Donohue et al., *Appellants*.[1]

[1] Intoxicating Liquors (30, 51)—Jointist—Illegal Possession —Prima Facie Evidence—Instructions. In a prosecution for being a jointist, it is reversible error, after instructing that the unlawful possession of intoxicating liquor is *prima facie* evidence that it was possessed for the purpose of unlawful sale or disposition, to refuse, on request, to instruct that the mere fact of unlawful possession or sale does not raise any presumption that the place was conducted or maintained for the purpose of unlawful sales; notwithstanding the usual instructions as to finding beyond a reasonable doubt as to the operation of a joint.

Appeal from a judgment of the superior court for King county, Douglas, J., entered January 30, 1926, upon a trial and conviction of being jointists. Reversed.

*Paul Carrigan* and *Henry Clay Agnew*, for appellants.

*Ewing D. Colvin*, and *R. M. Burgunder*, for respondent.

Holcomb, J.—The first claim of error presented by appellants is in refusing their motion for reasonable continuance to allow time for the production of a witness named Summers, as a witness for the defense. An examination of the record discloses that there is no

[1]Reported in 250 Pac. 1090.

ground to believe that the trial court abused its discretion in denying such continuance.

[1] The second complaint is that the court refused to give appellants' requested instruction relating to the presumption arising from possession of liquor.

The court did give the ordinary instruction that possession of liquor was *prima facie* evidence of intent to sell, and *prima facie* evidence that it was kept for unlawful disposition.

The requested instruction of appellant was as follows:

"You are instructed that, while unlawful possession of intoxicating liquor is *prima facie* evidence that such intoxicating liquor was possessed for unlawful sale or disposition, the mere fact of unlawful possession of intoxicating liquor in any place or establishment does not raise any presumption of law that such place or establishment was a place or establishment opened up, conducted or maintained for the unlawful sale of intoxicating liquor; or, in other words, that any such place was a joint."

In two cases, *State v. Lesh*, 132 Wash. 309, 232 Pac. 302, and *State v. Lesh*, 132 Wash. 316, 232 Pac. 305, this court held that it was error, in a prosecution for being a jointist, after instructing that the unlawful possession of intoxicating liquor is *prima facie* evidence that it was possessed for the purpose of unlawful sale or disposition, to refuse a request to instruct that the mere fact of unlawful possession does not raise any presumption that the place was conducted or maintained for the purpose of unlawful sale.

The state seeks to distinguish this case from those cited, by reason of something that was said in each case, and for the further reason that the court also instructed, in this case, that the jury were required to find, beyond a reasonable doubt, that the place was operated by the defendants before they were justified

or permitted to consider the *prima facie* evidence. There is nothing to distinguish this case from the *Lesh* cases by reason of the foregoing instruction, which is, we presume, invariably given in criminal cases of this kind.

The case is governed by the decisions in the *Lesh* cases, the requested instruction being precisely the instruction stated in those cases should be given, and the judgment must be reversed.

It is so ordered.

TOLMAN, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.