[No. 20461. Department One. August 3, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK RIESE, *Appellant*.[1]

[1] INTOXICATING LIQUORS (29, 42)—ILLEGAL TRANSPORTATION — IN-FORMATION—SUFFICIENCY. An information for bootlegging with "alcohol" is sufficient where it is described in the language of the definition in Rem. Comp. Stat., § 3707, covering "any other liquor or liquid . . . and all liquids . . . which contain any alcohol, which are capable of being used as a beverage;" although "alcohol" is not one of the spirits first specified in the act.

[2] CRIMINAL LAW (183)—INTOXICATING LIQUORS (50)—IDENTIFICA-TION OF LIQUORS—EVIDENCE—SUFFICIENCY. Bottles of liquor pur-chased of the accused are sufficiently identified by testimony of the officers that they were marked at the time of the purchase, handed to a deputy sheriff, locked in a roll-topped desk in the sheriff's office, and the next morning delivered to the sheriff and in his possession until produced at the trial.

[3] INTOXICATING LIQUOR (29, 50)—ILLEGAL TRANSPORTATION — EVI-DENCE—SUFFICIENCY. An information for bootlegging in carry-ing about alcohol is sustained by proof of carrying about "moon-shine" whiskey containing 45% of alcohol, which was intoxicat-ing and capable of being used as a beverage.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered March 20, 1926, upon a trial and conviction of bootlegging. Affirmed.

*Powell & Harmon*, for appellant.

*Thomas I. Oakshott* and *F. Leo Grinstead*, for re-spondent.

FULLERTON, J. The appellant Riese was convicted upon a trial by jury of the crime of bootlegging and sentenced by the court to a term in the penitentiary.

[1] It is first contended that the information upon which the appellant was convicted does not state facts

[1] Reported in 258 Pac. 319.

sufficient to constitute a crime. The charge against the appellant is in the following language:

"That on or about the 30th day of January, 1926, in the county of Stevens and state of Washington, the said Frank Riese, then and there being, did then and there wilfully, unlawfully and feloniously carry about with him for the purpose of the unlawful sale thereof certain intoxicating liquor, to-wit: a liquid or liquor capable of being used as a beverage, and containing intoxicating properties, to-wit: alcohol, all of which acts of the defendant were contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

The statute (Rem. Comp. Stat., § 7328) [P. C. § 3179h], defines a "bootlegger" as "any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same." Intoxicating liquor is defined as follows: (Ib. § 7307) [P. C. § 3164].

"The phrase 'intoxicating liquor,' whenever used in this act, shall be held and construed to include whiskey, brandy, gin, rum, wine, ale, beer and any spirituous, vinous, fermented or malt liquor, and every other liquor or liquid containing intoxicating properties, which is capable of being used as a beverage, whether medicated or not, and all liquids whether proprietary, patented or not, which contain any alcohol, which are capable of being used as a beverage."

The particular contention of the appellant is that the statute does not make it an offense for a person to carry about with him alcohol for the purpose of sale, and that this is all that the information charges the appellant with having done. But whether the statute is correctly interpreted by this contention, we think we need not determine, nor do we feel that we need follow the appellant in his ingenious argument, by which it is sought to demonstrate that nothing more

than the carrying about of alcohol for the purpose of unlawful sale is charged against the appellant. Plainly, the statute makes it an offense to carry about intoxicating liquor, capable of being used as a beverage, for the purposes of unlawful sale, or to carry about for a like purpose "liquids . . . which contain any alcohol, capable of being used as a beverage." The information may not have been framed in the most happy language that could have been used to express the idea intended, but we can construe the charge in no other way than a charge that the appellant carried about with him, for the purpose of unlawful sale, intoxicating liquor capable of being used as a beverage, containing alcohol as the intoxicating property. This contains all of the elements of the crime denounced by the statute.

In *State v. Meyers,* 121 Wash. 579, 210 Pac. 4, we sustained an information against a general demurrer the exact counterpart of this one, and which the pleader in this instance must have used as a model. It is true, as the appellant argues, that the precise objection he here makes was not urged on the appeal of that cause, but we think, nevertheless, we may cite it as authority for our present holding. The case of *Spokane v. Karlsten,* 137 Wash. 414, 242 Pac. 389, does not aid the appellant. That was a prosecution for the unlawful possession of intoxicating liquor, under an ordinance which prohibited the possession of "any intoxicating liquors other than alcohol," and the complaint upon which the appellant was convicted was held insufficient because it did not take note of the exception. In the opinion, it was specially pointed out that the prosecution was not under the state law and hence was not affected by the provisions of that law relating to pleadings and proof. In our opinion, the information here questioned states a crime, and we so hold.

[2]   Of the errors assigned which are thought to require a new trial, the first is that the bottles of liquor, introduced in evidence as liquor purchased from the appellant, were not sufficiently identified. But, as we read the record, the evidence on this question was sufficiently complete. The person purchasing the liquor carried the bottles in which it was contained to an automobile, in which was a Mr. Shirley, an officer in the Indian Service, who took the bottles, marked them in such a manner as to enable them to be subsequently identified and handed them to a deputy sheriff who was in the car with him. They were then taken to the sheriff's office where they were locked in a roll-topped desk. The next morning they were taken into possession by the sheriff, who kept them in his possession until the time of the trial. The marks were put on the bottles in the presence of the person purchasing them, and he was enabled to identify them, when a witness at the trial, by the marks. Mr. Shirley and the deputy sheriff also testified to the identity of the bottles. The specific contention seems to be, that they were not accounted for between the time they were locked in the roll-topped desk and the time they came into possession of the sheriff, and that the contents of the bottles might have been tampered with during that time. But there was no evidence that any one had access to the bottles during the time they were in the desk, and no conclusive presumption arises that they were not in the same condition when they were taken from the desk that they were when put therein. The question was thus for the jury, and their verdict concludes the inquiry.

[3]   The officers described the contents of the bottles as "moonshine whiskey," and the appellant contends, if we do not misunderstand his argument, that this disproves the allegations of the information. But

moonshine whiskey may be an intoxicating liquor capable of being used as a beverage whose intoxicating property is alcohol, and the state's further proofs showed that this was such a liquor. A chemist, who analyzed the contents of the bottles, testified that one contained forty-five per cent and the other forty-nine per cent of alcohol, that the liquor was intoxicating, and that it was capable of being used as a beverage. We cannot think, therefore, that the one character of proof in any degree conflicted with the other, but, if it did so conflict, it was for the jury to say which of the statements contained the truth.

There is no error in the record, and the judgment of conviction will stand affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.