[No. 21301. Department Two. November 30, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. MABEL BALL, *Appellant*.[1]

[1]Reported in 272 Pac. 53.

*Edward M. Connelly* and *Robert Weinstein,* for appellant.

*Chas. W. Greenough* and *Del Cary Smith, Jr.,* for respondent.

Holcomb, J.—Appellant, having been convicted in a justice of the peace court of the offense of unlawfully possessing intoxicating liquor, to wit, moonshine whiskey, with intent to unlawfully sell and dispose of the same, alleged to have been committed July 5, 1927, appealed to the superior court, where a trial was had before a jury and she was convicted of the crime of unlawful possession of intoxicating liquor without intent to sell.

The evidence on behalf of the state showed that the sheriff and his deputies arrested appellant in a place called the Colored Waiters' and Porters' Club in Spokane on the night of July 4, or early on the morning of July 5; they then went to the home of appellant and her husband, taking appellant with them. A search of the premises under a search warrant was made and two pint bottles of what was called moonshine whiskey were discovered in the kitchen of the premises.

The officers testified that appellant claimed ownership and possession of the whiskey, one of them testifying that, when the bottles were discovered, he took them into the room where appellant was and asked her what she was doing with them. She said, "let me have a little drink of liquor." She also said, "they are mine and I got them here for my own purpose of drinking." He asked her if she was sure she was not selling this stuff, to which she answered, "I am just keeping this here for my own self to drink." The officer made some additional statements, which seem to be merely repetition.

The husband of appellant, who was arrested at the Colored Waiters' and Porters' Club, was immediately placed in jail. According to his evidence at the trial, on behalf of appellant, he thereafter pleaded guilty to the unlawful possession of the same liquor which was found upon the premises occupied by appellant and him, upon which he was sentenced and was then serving a jail sentence therefor. There is also evidence that, at the time the officers raided the Colored Waiters' and Porters' Club, they found quite a number of exhibits, presumably of intoxicating liquor, which they used in the prosecutions of other cases.

The two pint bottles of alleged liquor seized by the officers, claimed by appellant as her property, according to the officers, were introduced in evidence as exhibits at the trial, the officers testifying that each contained moonshine whiskey; one of them testifying that it was corn whiskey, made out of corn; that they could tell the nature of the liquor by the smell of it, without tasting it, and that they did so.

A chemist testified that he had analyzed the liquids contained in the exhibits, and that they consisted of moonshine whiskey containing about fifty per cent ethyl alcohol and, so far as he knew, capable of being used as a beverage. Upon cross-examination he qualified his testimony to some extent by testifying that he did not know that the liquor was fit to be used as a beverage; but as to that only judged it by the smell.

There was evidence that the premises upon which the liquor was found were rented by appellant's husband, and that they both occupied the premises as husband and wife.

Appellant stoutly contends that the evidence was not sufficient to go to the jury; that the liquor found upon the premises of appellant was not shown to be intoxicating liquor, capable of being used as a

beverage; that therefore the court erred in admitting the exhibits containing the liquor and that there was not sufficient evidence upon which to convict appellant.

· If the statements made by the officers were true, which the jury had the right to believe, as to the claim of ownership and intended use of the exhibits by appellant, there was sufficient evidence that the exhibits contained liquor suitable for beverage purposes, as required by our statutes, and that the liquor was moonshine corn whiskey. Our statute, Rem. Comp. Stat., § 7307, denominates whiskey as an intoxicating liquor. Evidence of the possession of moonshine whiskey is sufficient proof of possession of intoxicating liquor. *State v. Kassis,* 138 Wash. 141, 244 Pac. 396; *State v. Bogdon,* 140 Wash. 68, 248 Pac. 66; *State v. Johnoff,* 141 Wash. 101, 250 Pac. 950; *State v. Riese,* 144 Wash. 516, 258 Pac. 319. The exhibits were therefore properly admitted in evidence and the evidence was sufficient to justify conviction as found by the jury.

■ The contention that the defense was unduly limited in being refused permission for the husband of appellant to testify that the matters to which he pleaded guilty included the unlawful possession of contents of the state's exhibits, heretofore mentioned, is not tenable. The husband was permitted to testify that the liquor was his, but not permitted to testify as to what was manifestly a matter of record in the prosecution against him. Such matter should have been shown by the record and not by parol testimony. The testimony of the husband as to his own ownership of the liquor was a matter for the jury to reconcile in considering all the evidence for and against appellant. That was as far as appellant was entitled to go. *State v. Burnett,* 144 Wash. 598, 258 Pac. 484.

■ Appellant asserts that the trial court erred in giving instruction No. 7.

That instruction defined the term "reasonable doubt" and contained the following portion, which appellant condemns:

"The only certainty that can be had is moral certainty, based upon the confidence which the jury may have in the integrity of witnesses and their capacity and opportunity to know the truth. All that a jury can be expected to do is reasonably be certain of the facts which it declares to be its verdict."

Appellant argues that this restricts the effect of the remaining portion of the instruction telling the jury that they must be convinced, beyond all reasonable doubt, of guilt, and leaves the rendition of the verdict to be based upon guess work, idle speculation, and fanciful indulgence of the almost universal human inclination toward amateur detective work by jurors.

The instruction is compared by counsel with the instruction upon circumstantial evidence which was that, "The degree of certainty must almost be equal to that of direct testimony", in *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019; *State v. Costello,* 133 Wash. 170, 233 Pac. 307; and *State v. Bossio,* 136 Wash. 232, 239 Pac. 553, which instruction as to circumstantial evidence we condemned.

While we do not approve the criticized portion of the foregoing instruction as a model upon the subject of reasonable doubt, yet it is not prejudicially erroneous, when considered in connection with the context of the entire instruction telling the jury that the proof of the offense charged must be greater than that of a mere preponderance of the testimony, but that on the other hand it was not necessary to be established conclusively or in such manner to leave room for no doubt whatever; and, following the criticized portion of the instruction, that the defendant must be given the benefit of all facts concerning which the jury had a

reasonable doubt, and that a reasonable doubt is one that is reasonable in view of all its surrounding circumstances and the issues to be determined; and that it is a doubt founded upon a good reason therefor and must not be a flimsy, fanciful doubt, but a substantial doubt arising from the evidence, or lack of evidence.

Considering the instruction as a whole according to our rule, we cannot find it erroneous.

The judgment is affirmed.

FULLERTON, C. J., MAIN, ASKREN, and BEALS, JJ., concur.

