[No. 22829.   Department Two.   March 18, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
KARROS *et al., Appellants.*[1]

*Philip Tworoger,* for appellants.

*Robert M. Burgunder* and *Ewing D. Colvin,* for respondent.

FULLERTON, J.—John Karros and Tom Economy were found guilty by the verdict of a jury of the crime of opening up, conducting, and maintaining a place for the unlawful sale of intoxicating liquors.   From the judgment and sentence pronounced upon the verdict, they appeal.

The information on which the appellants were convicted laid the venue of the crime as being "in the county of King, state of Washington."   A demurrer was interposed to the information, based on the ground that it did not designate the particular location in the county at which the place mentioned in the informa-

[1]Reported in 297 Pac. 154.

330

tion was opened up, conducted and maintained. The demurrer was overruled, and this ruling constitutes the first error assigned.

The statute relating to venue in criminal actions, with certain specified exceptions not necessary to notice, provides that all such actions shall be tried in the county where the offense was committed. Rem. Comp. Stat., § 2012. Another section of the statute (Id., § 2065) requires that it be made to appear in the indictment or information "that the crime was committed within the jurisdiction of the court." There are other acts denounced as offenses by the statute in which the place of commission is made a material ingredient of the offense. In the latter classes of offenses it is necessary, of course, to designate the place with certainty, but for offenses which can as well be committed at one place in the county as another, it is enough to allege that it was committed within the county generally without specifying the particular place. Wharton's Criminal Procedure, (10th ed.), p. 228, § 181.

While the question may not have been directly passed upon by this court, our own cases furnish an abundance of instances where indictments and informations have been held sufficient as against demurrers, where the venue of the crime was alleged precisely in the manner that it is here alleged. In fact, an examination of our cases will show that to allege the venue in this manner has been the rule, rather than the exception. We cannot conclude, therefore, that to state the venue thus generally is to render the indictment or information vulnerable to a demurrer.

It is next contended that the court erred in giving to the jury the following instruction:

"While the unlawful possession of intoxicating liquor is *prima facie* evidence that such intoxicating liquor was possessed for the purpose of unlawful sale

or disposition, the mere fact of the unlawful possession of intoxicating liquor in any place or establishment does not raise any presumption of law that such place or establishment was a place or establishment opened up, conducted, or maintained for the unlawful sale of intoxicating liquor; or, in other words, that such place was a joint."

A number of cases are cited to sustain the contention, but we think the appellants have misconstrued them. In none of them is it held that an instruction in this form is erroneous, and in two of them, at least, where the charge in the information was the maintaining of a place for the sale of intoxicating liquors, and evidence was introduced of possession by the defendant of intoxicating liquors at the place, it was held error to refuse to give such an instruction, or one of similar import. *State v. Lesh,* 132 Wash. 316, 232 Pac. 305; *State v. Donohue,* 141 Wash. 146, 250 Pac. 1090. The instruction complained of was pertinent to the charge contained in the information, and to the evidence introduced in support of the charge, and was without error.

Finally, it is urged that the court erred in denying motion of the appellants in arrest of judgment. This claim of error is based on the grounds to which we have referred, and on the further ground of the insufficiency of the evidence to sustain the verdict returned. The first of the grounds stated, we have sufficiently noticed. As to the third of the grounds, it is sufficient to say that we have examined the evidence, and find it ample to support the verdict the jury returned.

The judgment is affirmed.

TOLMAN, C. J., BEALS, BEELER, and MILLARD, JJ., concur.